## CITY OF CAMILLA *v.* NORRIS.

ATKINSON, J. 1. The charter of a municipality conferred upon it the power "to own, use, and operate for municipal purposes and for profit, a system of waterworks and electric lights, to make rules and regulations regarding the use of the same by the public, and to provide by ordinance for the punishment of those who illegally use said water or light." (Acts 1907, p. 505, sec. 24.) A resident filed a petition for mandamus to compel the municipal authorities to supply water at her residence. It was alleged that the municipality had established a water system with which the applicant's residence was connected, and was serving the public generally, but without cause had stopped applicant's supply of water and refused to serve her, although she was due nothing for water rent, and tender of payment in advance was made for the service desired. *Held,* that the petition was not subject to dismissal on the ground that the plaintiff had a specific legal remedy. See Civil Code, § 4867; 1 Farnham on Water and Water Rights, § 159 (d); McCrary *v.* Beaudry, 67 Cal. 120 (7 Pac. 764); State *v.* Joplin Waterworks, 52 Mo. App., 312; Haugen *v.* Albina Light & Water Co., 21 Oregon, 411 (28 Pac. 244, 14 L. R. A. 424).

2. On the trial of an application for mandamus, if an issue of fact is involved, it may be heard by the judge in vacation upon the consent of all parties. Civil Code, § 4873.

3. In a case of the character mentioned in the second headnote, where the parties consented to the time and place of hearing at chambers, as appears from the recitals in the judgment, and at the appointed time and place the trial proceeded before the judge without objection, and the defendant moved to dismiss the application, and the motion was overruled, and the plaintiff offered in evidence an affidavit for the purpose of proving the allegations made in the petition, it was not a valid ground of objection by the defendant to the admission of the affidavit that there were issues of fact involved which should be passed upon by a jury and not by the judge presiding at chambers.

*Judgment affirmed. All the Justices concur*

APRIL 16, 1910.

Mandamus. Before Judge Park. Mitchell superior court. June 14, 1909.

*M. C. Bennet,* for plaintiff in error. *A. S. Johnson,* contra.