REYNOLDS *v.* BROSNAN, building inspector; *el vice versa.*

GILBERT, J.  1. No legal authority to zone the territory comprising the City of Albany has been enacted since the amendment to the constitution of Georgia, submitted and ratified in the year 1927. For that reason the constitutionality of the acts referred to in the answer of the defendant must be based on the constitution as it was prior to said amendment.

2. "It is well settled that the first ten articles of amendment to the constitution of the United States were not intended to limit the powers of the States, in.respect of their own people, but to operate on the national government only." Spies *v.* Illinois, 123 U. S. 131 (8 Sup. Ct. 21, 31 L. ed. 80); Ellenbecker *v.* Plymouth County, 134 U. S. 31 (10 Sup. Ct. 424, 33 L. ed. 801); *Newsome* v. *Scott,* 151 *Ga.* 639, 643 (107 S. E. 854); *Moore* v. *State,* 151 *Ga.* 648, 653 (108 S. E. 47).

3. According to the rulings of this court in *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575 (141 S. E. 643), *Howell* v. *Quitman,* 169 *Ga.* 74 (149 S. E. 779), and authorities cited in said cases, the act of the General Assembly granting to the City of Albany power "to regulate garages and filling-stations, butcher-pens, butcher-shops, tanyards, livery-stables, fish-stands, restaurants, or any·other business in which decaying animal or vegetable matter is kept, or in which noxious odors may become dangerous and injurious to the health of the public or any part theerof, to license same only in such localities as may be least offensive to the public, and to revoke the license for same when they prove dangerous and injurious to health aforesaid," is in conflict with the due-process clause of the constitution of the State of Georgia as found in the Civil Code (1910), § 6359, and is also in conflict with the constitution of Georgia as found in the Civil Code (1910), § 6388, which provides: "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid," in so far as said act is interpreted by the public officials of the City of Albany to.authorize a refusal of a permit sought by an owner of property to construct a filling-station which conforms in every way to the building regulations of the city.

4. The act of the General Assembly amending the charter of the City of Albany, as construed by defendant, mentioned in the preceding headnote, having been declared null and void, the act·of the building inspector, under authority of the Commissioners of Albany, was without authority of law.

5. Under the pleadings and the evidence the question was not res adjudicata, as contended.

6. The court did not err in overruling the demurrer to the petition.

7. The court erred in refusing mandamus absolute.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

Nos. 7696, 7697.  JULY 17, 1930.

*T. H. Milner,* for plaintiff.   *S. B. Lippitt,* for defendant.