COMMISSIONERS OF GLYNN COUNTY *v.* CATE.

No. 11417. SEPTEMBER 18, 1936.

*Conyers & Gowen,* for plaintiff in error.

*Colon J. Cogdell* and *E. J. Clower,* contra.

GILBERT, Justice. The Commissioners of Roads and Revenues of Glynn County filed an equitable petition against Mrs. G. V. Cate, in the superior court of Glynn County, alleging that she owned a certain lot on St. Simons Island in Glynn County, and was erecting or planning to erect on said lot certain buildings to be used in the conduct of a mercantile business, the erection and conduct of which business was in violation of what is known as the Glynn County zoning act (Ga. Laws 1927, p. 602), which act purported to authorize the said commissioners, acting through a planning board, "to regulate and restrict the number of stories and sizes of buildings and other structures, percentage of lots that may be occupied, sizes of yards, courts, and other open spaces, the density of population, and the location and use of all buildings, structures, streets, roads, parks, and land for trade, industry, residence, recreation, or other purposes," the stated purpose being to promote the "health, safety, morals, and the general welfare of the people of the County of Glynn." The defendant in her answer admitted all the facts alleged, but contended that the zoning act was in violation of art. 1, sec. 1, par. 2, of the State constitution (Code, § 2-102), which provides that "Protection to person and property is the paramount duty of government, and shall be impartial and complete," in violation of art. 1, sec. 1, par. 3 (Code, § 2-103), which provides that "No person shall be deprived of life, liberty, or property, except by due process of law," and in violation of art. 1, sec. 3, par. 1 (Code, § 2-301), which provides that "In cases of necessity, private ways may be granted upon just compensation being first paid by the applicant. Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." At an interlocutory hearing the only evidence was an affidavit of a real-estate man introduced by the petitioners, stating that in his opinion the regulations of the planning board were of financial benefit to the real property in general, including the property of the defendant. The court rendered judgment denying an injunction against the establishment and operation by the defendant of a gasoline and oil station, lunch-stand or barbecue restaurant, and fruit and produce stand, provided the same be erected and con-

ducted in compliance with other regulations of the planning board as set out in the petition, but enjoining the defendant from erecting upon the land any building with a setback of less than .30 feet from the street line along her lot, and from erecting or maintaining any sign-board for advertising purposes within 150 feet from the center of the street. The petitioners excepted to that part of the judgment refusing to enjoin the defendant from using the property for business purposes.

■ The police power of the General Assembly is very broad, but must be exercised in subordination to the constitution of this State. *Cutsinger* v. *Atlanta,* 142 *Ga.* 555, 571 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 28) ; *Carey* v. *Atlanta,* 143 *Ga.* 192, 201 (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916C, 1151) ; *Smith* v. *Atlanta,* 161 *Ga.* 769, 778 (132 S. E. 66, 54 A. L. R. 1001).

■ The act of the General Assembly (Ga. Laws 1927, p. 602) granting to the Commissioners of Roads and Revenues of Glynn County the power to "regulate and restrict the number of stories and sizes of buildings and other structures . . for trade, industry, residence, recreation, or other purposes," is in violation of art. 1, sec. 1, par. 2, and art. 1, sec. 1, par. 3, and art. 1, sec. 3, par. 1, of the constitution of this State: *Smith* v. *City of Atlanta,* supra. The provisions of the constitution, art. 3, sec. 7, par. 25 (Code, § 2-1825), do not authorize the legislature to grant power to the governing authorities of Glynn County to pass zoning ordinances.

■ The said act of the General Assembly being unconstitutional, the regulations of the Commissioners of Roads and Revenues of Glynn County affecting the use and control of the property of the defendant were without authority of law. The court did not err in refusing to enjoin the defendant from using her property for mercantile purposes.

■ The request of counsel for the plaintiff in error that this court overrule *Carey* v. *Atlanta,* supra, *Smith* v. *Atlanta,* supra, *Morrow* v. *Atlanta,* 162 *Ga.* 228 (133 S. E. 345), *Howell* v. *Board of Commissioners,* 169 *Ga.* 74 (149 S. E. 779), *Reynolds* v. *Brosnan,* 170 *Ga.* 773 (154 S. E. 264), and *Wofford Oil Co.* v. *David,* 181 *Ga.* 639 (183 S. E. 808), "so far as they may be found to conflict with upholding the zoning regulations involved in the present case," is denied.

*Judgment affirmed. All the Justices concur.*