LOFTIS PLUMBING & HEATING COMPANY *v.* QUARLES.

No. 12709.   JUNE 19, 1939.

*McElreath, Scott, Duckworth & Duvall,* for plaintiff.

*J. C. Savage, C. S. Winn, Bond. Almand,* and *J. C. Murphy,* for defendant.

BELL, Justice. (After stating the foregoing facts.)

■ The plaintiff contends that in this particular instance he was not required to appeal to the street committee, for the reason that the defendant's refusal of a previous application for a permit to install the same or similar fixtures had been reversed by the street committee on appeal, and that this action by the street committee constituted a binding and conclusive determination as the law of the case, fixing the defendant's duty, and rendering an appeal unnecessary in reference to the refusal of the permit which the plaintiff is now seeking to have granted. There is no merit in this contention, for the following, if not for other reasons: (1) The petition shows upon its face that the second application was to install the fixtures at a different location and for a different owner or tenant. It does not appear that the conditions and circumstances were the same in each instance. (2) The principle known as the law of the case is applied only to orders or judgments of a judicial tribunal; and the street committee is a mere administrative body, and

not a court. In *City Council of Augusta* v. *Loftis,* 156 *Ga.* 77 (118 S. E. 666), it was held that a board of health having similar functions was not "an appellate judicial tribunal."

It does not follow, however, in the instant case that the petition did not state a cause of action for mandamus. "All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific remedy for the legal rights." Code, § 64-101. While it is the general rule that this writ will not lie to compel performance of official duty when there is any other specific legal remedy, it is also the rule that the law will not require a party to do a vain or useless thing before undertaking to assert his rights. *Baynes* v. *Bernhard,* 12 *Ga.* 150 (2), 154; *Coffee* v. *Ragsdale,* 112 *Ga.* 705 (2) (37 S. E. 968); *Fraser* v. *Jarrell,* 153 *Ga.* 441 (3), 451 (112 S. E. 487); *Southern Life Insurance Co.* v. *Logan,* 9 *Ga. App.* 503 (2), 508 (71 S. E. 742). Among other things, the petition alleged: "Your petitioner shows that the defendant states that he is not bound by the street committee; and that although there is no law in the ordinance of the City of Atlanta authorizing him to decline said application, that he will nevertheless refuse to issue any permits unless required to do so by court. Defendant further states that he will prohibit the installation of said portable shower-baths." If the defendant has thus in effect asserted in advance that any action of the street committee would be ignored, the law should take him at his word, and not thereafter require the doing of that which if done would be unavailing. If, as was held in the *Augusta* case, supra, such a committee is a mere administrative body, this committee could not do more than reverse the opinion of the plumbing inspector, and could not actually and directly cause the issuance of a permit. Accordingly, in the circumstances alleged, the prescribed administrative remedy would virtually amount to no remedy at all; and certainly the relief afforded thereby would not have been comparable with that obtainable through the writ of mandamus, by which the defendant could be compelled, on pain of imprisonment, to issue the permit. The street committee could only instruct; it could not discipline. The facts alleged therefore created an exception to the rule stated in the *Augusta* case, as to the necessity of

resorting first "to this ministerial remedy." It appearing from the allegations that the defendant had no valid reason for refusing the permit, that his action was capricious and arbitrary, and that in all the circumstances the plaintiff has no specific legal remedy for the enforcement of his legal rights, a cause of action for mandamus was stated; and the court erred in sustaining the general demurrer to the first count. *City of Camilla* v. *Norris,* 134 *Ga.* 351 (67 S. E. 940) ; *Reynolds* v. *Brosnan,* 170 *Ga.* 773 (154 S. E. 264).

◼ While the petition alleged that the defendant had stated "he will prohibit the installation of said portable shower-baths," there is nothing to show the kind of interference the defendant will employ. The defendant might have meant that he would prohibit their installation by criminal prosecution or by other proceeding in court. Nothing of this kind would entitle the plaintiff to injunction, nor does the petition otherwise show such interference or impending danger as to authorize the grant of an injunction. In this respect the petition alleges nothing more than a mere apprehension, and it is also too indefinite. *Bowden* v. *Georgia Public Service Commission,* 170 *Ga.* 505 (153 S. E. 42) ; *Southern Oil Stores Inc.* v. *Atlanta,* 177 *Ga.* 602 (170 S. E. 801). See also *Brock* v. *State,* 65 *Ga.* 437.

◼ The court did not err in overruling the general demurrer to the answer. In his answer the defendant admitted that the action of the street committee was final and binding on him as chief plumbing inspector in so far as the installation of bath fixtures at the Fulton Bag & Cotton Mills was concerned. He denied, however, that his action in refusing the application under consideration was capricious and without reason or lawful authority. He alleged, on the contrary, "that he had a good, sufficient, and lawful reason for declining to permit the installation referred to, because the installation of this type of shower bath is dangerous to the public health, because it rusts, is a gathering and breeding place for germs, and tends to spread disease." The answer also denied the arbitrary statements attributed to the defendant in the petition, and declared that "he will issue permits in every instance where it is his legal duty to do so." These allegations were sufficient as against the general demurrer.

For the reasons stated in the first division of this opinion, and for these reasons only, the judgment must be

*Reversed. All the Justices concur.*