RICHARDSON, Clerk, *v.* AWTRY & LOWNDES COMPANY.

JENKINS, Chief Justice. 1. "To entitle one to the writ of mandamus it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced." *City of Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499 (5) (113 S. E. 545); *Speed Oil Co.* v. *Aldredge,* 192 *Ga.* 285 (15 S. E. 2d, 214). "Before mandamus will issue, the law must not only authorize the act to be done, but must require its performance." *Hart* v. *Head,* 186 *Ga.* 823, 824 (199 S. E. 125); *Murphy* v. *Withers,* 204 *Ga.* 60 (48 S. E. 2d, 721).

2. In the instant action for mandamus to compel the Clerk of Council of the City of Atlanta to issue a license to conduct an undertaking establishment in an area zoned for business, it appears from the record that said clerk is prohibited by law from issuing a business license to an undertaking establishment unless and until such firm has procured a permit from the City Board of Zoning Appeals. (Code, City of Atlanta, § 93-212.) This provision of the Atlanta Code is not attacked.

3. By act of the legislature (Ga. L. 1929, pp. 818-830) amending the charter of the City of Atlanta by establishing a board of zoning appeals, it is provided, "Every decision of the Board of Zoning Appeals shall be subject to writ of certiorari issued from the superior court upon the same terms as such writs are issued in any case."

4. From the plaintiff's pleadings it appears that he had applied to the Board of Zoning Appeals for a permit to engage in the undertaking business at a specific location zoned for business, and that said application had been denied; that he thereupon applied to the superior court for certiorari, which also was denied; and that exceptions to the judgment denying certiorari are presently pending by writ of error in the Court of Appeals.

5. It is provided by § 64-101 of the Code: "All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, *if there shall be no other specific legal remedy for the legal rights.*" (Italics ours.)

6. Under the law and facts of this case as above set forth, it is clear that, in the absence of a permit from the Board of Zoning Appeals, the law does not impose upon the Clerk of Council an official duty to issue a license to operate an undertaking establishment at just any location, such as could properly be made subject to enforcement by the writ of mandamus; and since the Code, § 64-101, authorizing mandamus in certain cases, also provides that such remedy is not available where another specific remedy exists, and since it is unquestioned that certiorari is the specific remedy provided to inquire judicially into and establish the right here sought to be enforced by mandamus, and since it further appears that the movant has in fact undertaken by certiorari to reverse the judgment of the Board of Zoning Appeals denying a permit, it follows that the issue as to the right of the petitioner to a permit, which establishes his right to a license, will be decided just as effectively by the Court of Appeals, where the case is now pending, as though the same issue could be determined by mandamus. Accordingly, the petition failed to state a cause of action for mandamus. *Wofford Oil Co.* v.

*Calhoun,* 183 *Ga.* 511, 513, 514 (189 S. E. 5); *City of Atlanta* v. *Blackman Health Resort,* 153 *Ga.* 499, 500 (11) (supra).

(*a*) Counsel for the defendant in error rely upon *Reynolds* v. *Brosnan,* 170 *Ga.* 773 (154 S. E. 264), as authority for bringing the instant mandamus proceeding. In that case it appears that the question here involved as to whether the movant had another adequate specific remedy was not raised or passed upon; and while it may constitute a physical, but in nowise a legal precedent for granting mandamus under circumstances similar, but not altogether analogous, to those in this case, there was no holding in that case that another remedy did in fact exist, or any other holding which would require a ruling different from the one here made. The following additional cases cited by the defendant in error as to the right to mandamus generally have been carefully considered, and in none does it appear that another remedy was available. *Wofford Oil Co.* v. *Calhoun,* 183 *Ga.* 511 (supra); *Commissioners of Glynn County* v. *Cate,* 183 *Ga.* 113 (187 S. E. 636); *Loftis Plumbing &c. Co.* v. *Quarles,* 188 *Ga.* 404 (3 S. E. 2d, 725); *Richardson* v. *Coker,* 188 *Ga.* 170 (3 S. E. 2d, 636). The *Wofford Oil Co.* case was predicated entirely upon the ruling that no other remedy was available to the movant. In the *Glynn County* case the court merely refused to overrule the *Reynolds* case with respect to the constitutionality of the statute there involved. In the *Loftis Plumbing Co.* case and in the *Richardson* case, no other remedy was available because the denial of a permit by the plumbing inspector in the *Loftis* case, and the superintendent of electrical affairs in the *Richardson* case were simply decisions of mere administrative officials, from which certiorari would not properly lie.

7. Under the foregoing rulings, the trial court erred in overruling the general demurrers to the petition and in decreeing mandamus absolute.

*Judgment reversed. Duckworth, Presiding Justice, Atkinson, Wyatt, Head, and Candler, Justices, and Judge Graham, concur.*

No. 16283. JULY 15, 1948.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth,* and *John E. Feagin,* for plaintiff in error.

*William A. Fuller* and *George G. Finch,* contra.