38565. BRAY v. WESTINGHOUSE ELECTRIC
CORPORATION *et al.*

DECIDED DECEMBER 5, 1960.

804

*Guy B. Scott, Jr.,* for plaintiff in error.

*Erwin, Bichmore & Epting, Howell C. Erwin, Jr.,* contra.

FELTON, Chief Judge. The questions in this case are whether a cause of action is set out against Westinghouse on any one or more of three theories: (1) whether the sole proximate cause of the injury was the negligence of a vice-principal, or subprincipal of Westinghouse; (2) whether the proximate cause was the concurrent negligence of a vice-principal and other negligence of Westinghouse in addition to that of a vice-principal; (3) whether the proximate cause was the concurrent

negligence of a fellow servant of the plaintiff's husband and negligence of Westinghouse other than that of the fellow servant. See annotations under *Code* § 66-304, catchword "Concurrent." If the petition falls under any one of the foregoing sets of conditions the petition sets forth a cause of action.

On the other hand, if the petition, construed most strongly against the plaintiff, shows that the sole proximate cause of the injuries was the negligence of a fellow servant of the plaintiff's husband, no cause of action is set forth and the court correctly sustained the general demurrer to the petition.

1. It is too well known to require citation of authority (but see *Code* §§ 66-301 and 66-303) that the liability of such a master as is here involved, to a servant for negligence is strictly limited. The petition does not state a cause of action based on the negligence of a vice-principal alone. In the first place the allegations of the petition are conflicting and must be construed against the plaintiff. The petition alleges that the Westinghouse representative was a servant and a subprincipal. In the second place the so-called servant or subprincipal was engaged in common labor and not a non-delegable duty of the master. *Moore v. Dublin Cotton Mills,* 127 Ga. 609, 623 (56 S. E. 839, 10 L. R. A. (NS) 772); *Story v. Crouch Lumber Co.,* 61 Ga. App. 210, 212 (6 S. E. 2d 86); *Haynie v. Foremost Dairies,* 54 Ga. App. 369 (187 S. E. 907). "Subjection to control and direction by the same general master in the same common object, and not the fact that employees are paid by the same general master, is the test of fellow-service." *Ingram v. Hilton & Dodge Lumber Co.,* 108 Ga. 194 (4) (33 S. E. 961); *Ellington v. Beaver Dam Lumber Co.,* 93 Ga. 53, 57 (19 S. E. 21).

2. The petition does not allege a cause of action based on the theory that the plaintiff's husband's injury was based on the concurrent negligence of a vice-principal of Westinghouse or on the concurrent negligence of a fellow servant plus an added act of negligence of Westinghouse. That the representative of Westinghouse was not a vice-principal has been established. The petition does not allege that an act of negligence of Westinghouse in addition to the fellow servant's negligence was the proximate cause of the injury. The petition plainly alleges that the

sole proximate cause of the injury was McGuire's backing the fork lift truck up to the cart (where the pipes were placed) in a dangerous and reckless manner. It is not alleged except by way of conclusion that the furnishing of the wrong equipment or the overloading of the cart had any bearing on the pipe's falling on plaintiff's husband. The overloading, if any, and the kind of truck, were obvious to the plaintiff's husband and he assumed the risks which they might have caused. It is not alleged that the standards, 2″ x 4‴'s of soft pine, coated on the outside, were equipment added to the truck by Westinghouse and there are no facts showing that Westinghouse knew or should have known that the standards were weak and insubstantial for ordinary or even for an overloaded cart of pipes, and no facts are alleged showing a duty of test or inspection on the part of Westinghouse. In brief, stripped of its conclusions, the petition shows that the sole proximate cause was the fact that McGuire recklessly backed the truck into the cart of pipe and that as a result of this unexpected and unusual conduct the pipes were suddenly and forcibly thrown against the standards causing them to break. This was the only negligence proximately causing the injury, and the plaintiff's husband assumed the risk involved, being that of the negligence of a fellowservant. See generally in connection with the foregoing conclusions: *Champney Island Co. v. Bell*, 44 Ga. App. 826 (1) (163 S. E. 513); *Davis v. Georgia Coating Clay Co.*, 63 Ga. App. 265, 266 (11 S. E. 2d 60); *Self v. West*, 82 Ga. App. 708 (1a) (62 S. E. 2d 424); *Holman v. American Automobile Ins. Co.*, 201 Ga. 454 (2) (39 S. E. 2d 850); *Daniel v. Forsyth*, 106 Ga. 568 (32 S. E. 621); *Babcock Bros. Lumber Co. v. Johnson*, 120 Ga. 1030 (6) (48 S. E. 438); *Frazer v. Smith & Kelly Co.*, 136 Ga. 18 (2) (70 S. E. 792); *Williamson v. Kidd*, 65 Ga. App. 285 (15 S. E. 801); *Ludd v. Wilkins*, 118 Ga. 525, 526 (45 S. E. 429); *Hamby v. Union Paper Mills Co.*, 110 Ga. 1 (1) (35 S. E. 297); *Strickland v. Faughner*, 63 Ga. App. 805, 809 (12 S. E. 2d 371).

The various special demurrers amount to no more than detailed arguments on the questions raised by the general demurrer and they will not be treated separately as they are covered in the opinion.

The court did not err in sustaining Westinghouse's general demurrer to the petition and in dismissing the action as to it. *Judgment affirmed.  Nichols and Bell, JJ., concur.*