38848.   BRAY v. WESTINGHOUSE ELECTRIC
CORPORATION *et al.*

DECIDED JUNE 1, 1961.

*Guy B. Scott, Jr.,* for plaintiff in error.

*Erwin, Birchmore & Epting, Howell C. Erwin, Jr.,* contra.

FELTON, Chief Judge. This court having previously decided the issue of defendant Westinghouse's liability to plaintiff by upholding the lower court's judgment sustaining Westinghouse's general demurrer to the petition of plaintiff's wife seeking damages for loss of consortium, (See: *Bray v. Westinghouse Electric Corp.,* 102 Ga. App. 803 (117 S. E. 2d 919) the sole question before us is whether there are any allegations in plaintiff's petition which would prevent it from being controlled by the precedent of the former decision. Our holding in that case was based upon the finding that the sole proximate cause of the injuries was the negligence of a fellow-servant of Seneca B. Bray. Plaintiff's redrawn petition attempts to show, in reference to this issue, that defendant McGuire was acting in the capacity of a subprincipal of defendant Westinghouse at the time of the injury to plaintiff. The term "subprincipal" was substituted for the terms "employee" and "servant," and it is urged that McGuire's regular employment was not that of driving the fork lift truck. As was said in the former case, however, "the so-called . . . subprincipal was engaged in common labor and not a non-delegable duty of the master." *Bray v. Westinghouse Electric Corp.,* supra, at p. 807. The rule is stated in the case of *Moore v. Dublin Cotton Mills,* cited in the first *Bray v. Westinghouse* case, that "it is not the rank, nor the grade, nor the title of a servant, which determines the question as to whether he is a vice-principal or a fellow-servant. It is the duty which he is discharging relatively to the service which determines his relation to other servants and the master. If another servant is injured when he is merely performing the duties of a fellow-

servant, the master is not liable." *Moore v. Dublin Cotton Mills,* 127 Ga. 609, 617 (56 S. E. 839, 10 L.R.A. (NS) 772). Plaintiff substituted the word "instructed" for the word "told" in paragraph 2 (i), in relating McGuire's communication with the plaintiff in connection with plaintiff's "scotching" of the wheel of the cart. Although employees charged with the duty of the instruction of servants, etc. have been held to occupy the position of vice-principals to the master (see *Moore* case, supra, at p. 614), the facts as revealed by the petition show that McGuire's function at the time of the occurrence of the injury to plaintiff was not primarily that of instructing plaintiff, but of performing common labor, i. e., driving the fork lift truck, which, as we have indicated, is not a non-delegable duty. Determination of one's status, as between a vice-principal and a fellow-servant, depends not upon the label given him, but upon the type of duties in which he is engaged at the particular time in question.

Plaintiff alleges that defendant Westinghouse was negligent in providing and failing to test the 2″ x 4″ wooden standards which it put on the cart. It is clear from the facts alleged in the petition that the use of the cart and the fork lift truck was not the usual and customary method employed by defendant Westinghouse to carry such pipes and therefore that it probably could not reasonably anticipate such use. Even if Westinghouse were negligent in this regard, however, its negligence would be too remote to be one of the concurring proximate causes of the injury to plaintiff, under the theory and principle of intervening and superseding negligence, namely that of defendant McGuire. For a general discussion of this principle see: *Blunt v. Spears,* 93 Ga. App. 623 (92 S. E. 2d 573) and cases cited therein (this case was reversed by the Supreme Court of Georgia in 212 Ga. 537, 93 S. E. 2d 659, but on other grounds). The sole proximate cause of plaintiff's injury, then, was the negligence of a fellow-servant as was held in plaintiff's wife's action; therefore Westinghouse cannot be held to be guilty of actionable negligence.

Since nothing has been found in plaintiff's petition which would keep it from being "on all fours" with the petition in the

wife's action, it follows that the court did not err in sustaining Westinghouse's general demurrer to the petition and in dismissing the action as to it.

*Judgment affirmed.* *Bell and Hall, JJ., concur.*