(No. 37155.—

EDWARD J. WEITLING *et al.*, Appellants, *vs.* THE COUNTY OF DU PAGE, Appellee.

*Opinion filed November 30, 1962.*

CORRIGAN AND MACKAY, of Wheaton, (JOHN R. MACKAY, of counsel,) for appellants.

WILLIAM J. BAUER, State's Attorney, of Wheaton, (ANTHONY M. PECCARELLI, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The owners of a 15-acre tract of land on the north bank of the Des Plaines River brought action in the circuit court of Du Page County to declare the county zoning ordinance unconstitutional as applied thereto. Joined as plaintiffs are persons who have entered into a contract to purchase the tract and who desire to use it for an automobile junk yard. The court held the ordinance valid and the plaintiffs appeal.

The property is classified in an M-1 district, where manufacturing is permitted, together with a large number of specified uses, but automobile junk yards are excluded. The property is situated about 1000 feet east of Route 83, a four-lane highway elevated some ten or twelve feet above the grade of the land, and is bounded on the south by the river. To the north is the right of way of the Santa Fe railroad and beyond that are a public utility gas line and two power high lines. In general the land is low and wet and covered with scrub trees. Access to it is reached by a road leading down 18 or 20 feet from the east side of Route 83 to a road known as Jeans Road. The latter is a road of gravel construction running easterly past the north side of the subject land. Along Jeans Road there are an oil processing plant, some small houses, sheds, oil buildings, oil tanks and a house trailer. The area west of Route 83 is zoned M-2, wherein the use proposed here is a permitted one, but most of that area is taken up by the County Forest Preserve.

Expert witnesses testified on plaintiffs' behalf that the subject tract is unsuited for M-1 uses, (except as a county landfill) and that in order to make it so usable it would have to be raised at least four or five feet. They further expressed their opinion that the proposed use would be suitable for the property in its present condition, that it would

not tend to depreciate the value of other structures in the area, and that based upon designated factors the value of the land as presently restricted is about half its value for the proposed use.

The principal evidence on defendant's behalf was supplied by two real-estate men. The first one testified that if the property were zoned M-2 its value might be raised $500 an acre but the values of other properties in the area would be adversely affected, that its highest and best use would be for a county landfill, and that as to its suitability otherwise for its present zoning "there would have to be a lot of work done on it," including a raising of the grade. The other real-estate broker testified that there would be no increased valuation for M-2 uses, that the proposed use would depreciate the values of surrounding properties, and that trucks going to and from the premises would constitute a hazard to the public. The witness expressed a general dislike of junk yards.

From our examination of the testimony, maps and photographs in evidence we can find no reasonable basis for the classification as it applies to this property. A fair appraisal of the testimony leaves no doubt that the value of the subject property is substantially decreased by the restriction, and while the opinion testimony is in conflict on whether the proposed use would depreciate the value of nearby properties, the undisputed physical facts show that such effect, if any, would be small when compared with the hardship imposed upon the plaintiffs. The low-lying topography of the property, the fact that it is screened from view with trees and hills, and its position with respect to the river and the railroad make it highly improbable that the proposed use would substantially affect other properties in the vicinity. Moreover, the testimony indicates that the proposed use would be no more detrimental than many of the other uses permitted in an M-1 district. It is also apparent that the proposed one is the highest and best use that can be made of this

property. Indeed, testimony on both sides shows that except for a county landfill use, it is the only one suitable for the property in its present condition.

The rule is well established that if the gain to the public is small when compared with the hardship imposed upon individual property owners, no valid basis for an exercise of the police power exists. (*County of Lake* v. *MacNeal,* 24 Ill.2d 253.) It is not the owner's loss of value alone that is significant but the fact that the public welfare does not require the restriction and resulting loss. Where, as here, it is shown that no reasonable basis of public welfare requires the restriction and resulting loss the ordinance must fall, and in determining whether a sufficient hardship on the individual has been shown the law does not require that his property be totally unsuitable for the purpose classified. It is sufficient that a substantial decrease in value results from a classification bearing no substantial relation to the public welfare. *Atkins* v. *County of Cook,* 18 Ill.2d 287.

We conclude that such is clearly the effect of the present ordinance in its application to the subject property, and that the circuit court erred in failing to grant relief.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded with directions to enter judgment in accordance with the conclusion reached herein.

*Reversed and remanded, with directions.*