## 50489. ROYAL ATLANTA DEVELOPMENT CORPORATION v. STAFFIERI et al.
## 50490. MUNICIPAL-GWINNETT COUNTY PLANNING COMMISSION et al. v. STAFFIERI et al.

QUILLIAN, Judge.

The instant appeals (treated hereinafter as one case) involve the order of the trial judge in reversing the Gwinnett Zoning Board of Appeals after an appeal pursuant to Code Ann. § 69-1211.1 (Ga. L. 1964, pp. 259, 260).

Royal Atlanta Development Corporation made application to the Municipal-Gwinnett County Planning Commission for authority to construct on certain described property in Gwinnett County a Planned Unit Development. Appellants below (appellees here) filed an

appeal from such ruling to the Zoning Board of Appeals of Gwinnett County alleging that they were aggrieved parties under the statute authorizing said appeal, as provided by Code § 69-1211. Upon the appeal being presented, the zoning board of appeals dismissed the same on the ground that such board lacked jurisdiction. Appellants thereupon appealed to the superior court from the ruling of the Gwinnett County Zoning Board of Appeals under the provisions of section 69-1211.1.

The trial judge found "that the Gwinnett County Zoning Board of Appeals would have jurisdiction and authority to entertain an appeal under section 69-1211.1 from any person or persons jointly or severally aggrieved by any decision of an administrative officer. The term 'administrative officer' would, in my opinion, include and cover the Municipal-Gwinnett County Planning Commission when passing upon an application for a Planned Unit Development." He further found that the appellants below "being adjoining property owners, would have been authorized to intervene in this case (see *Barker & Barker, Inc. vs. The Board of Commissioners of Newton County, et al.,* 231 Ga. 574) and would, therefore, be aggrieved parties." The action of the Gwinnett Zoning Board of Appeals was reversed and the board was directed to hear and act upon the appeal filed by appellants below. *Held:*

1. Code Ann. § 69-1211 (Ga. L. 1957, pp. 420, 428) in establishing a board of zoning appeals provides in part: "The board of appeals shall have the following powers: 1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of any ordinance or resolution adopted pursuant to this Chapter."

The appellees below contend that the term "administrative official" does not include the planning board.

Code Ann. Ch. 69-12 of which § 69-1211 is an integral part deals with planning commissions — their creation, organization, powers, duties, etc. It is clear from a reading of the entire Act that Code Ann. § 69-1211 establishes the method of appeal from decisions of the planning

commission. The singular includes the plural (Code § 102-102 (4)); thus, "administrative official" includes the planning commission as the trial judge correctly held.

2. Code Ann. § 69-1211.1 provides: "Any person or persons severally or jointly aggrieved by any decision of the board of zoning appeals may take an appeal to the superior court. Said *appeal to the superior court shall be the same as an appeal to the superior court from any decision made by the court of ordinary* and as specified in Chapter 6-2, except, however, that said appeal may be filed within 30 days from the date of the decision of the board of zoning appeals, and upon failure to file said appeal within 30 days the said decision of the board of zoning appeals shall be final: Provided, however, that on appeal said case shall be heard by the judge of the superior court without a jury, unless one of the parties files a written demand for a jury trial within 30 days from the filing of the appeal." (Emphasis supplied.) "An appeal to the superior court from a justice court, court of ordinary [now probate court], and in any other case where not otherwise provided by law, is a de novo investigation." Code Ann. § 6-501 (Ga. L. 1972, pp. 738, 742). "Code Ann. § 69-1211.1 provides that persons aggrieved by any decision of a board of zoning appeals may appeal to the superior court, which appeal shall be the same as an appeal from any decision made by the court of ordinary (Ch. 6-2). Such an appeal constitutes a de novo investigation. . ." *Evans v. Board of Zoning Appeals,* 113 Ga. App. 113 (147 SE2d 455). This same decision further holds: "In order for a person to have a substantial interest in a decision of the Board of Adjustment [so as to be an 'aggrieved' person who may appeal under Code Ann. § 69-1211.1] he must show that his property will suffer some special damages as a result of the decision of the board complained of, which is not common to other property owners similarly situated." P. 116. The term substantial interest is synonymous with "aggrieved," (*Victoria Corp. v. Atlanta Merchandise Mart, Inc.,* 101 Ga. App. 163 (112 SE2d 793)).

We note that an appeal from the board of adjustment under Code Ann. § 69-827 (Ga. L. 1946, pp. 191, 198) is not a de novo proceeding. Hence, cases such as *Bersch v.*

*Hauck,* 122 Ga. App. 527 (177 SE2d 844), and *Donnelly v. Kuntz,* 132 Ga. App. 223 (207 SE2d 616) are not directly controlling. Nevertheless, the principle of showing special damage is still applicable.

Here the pleadings were sufficient to withstand a motion to dismiss but not enough to show as a matter of law that the appellants below met the requisites of the law. Since the proceedings in the superior court constituted a de novo investigation, it was error for the trial judge to remand the appeal to the Gwinnett Zoning Board of Appeals. The trial judge should have determined the .merits of whether the appellants below were aggrieved parties. *Ledford v. Farrow,* 134 Ga. App. 591 (215 SE2d 344). The judgment is reversed in part with direction that the lower court make an evidentiary determination as to whether the appellants were indeed "aggrieved parties" as that term is defined by *Victoria Corp. v. Atlanta Merchandise Mart, Inc.,* 101 Ga. App. 163, supra, and the cases cited herein.

*Judgments affirmed in part; reversed in part with direction..Pannell, P. J., and Clark, J., concur.*

ARGUED APRIL 8, 1975 — DECIDED JUNE 18, 1975 — REHEARING DENIED JULY 28, 1975 — 

*Webb, Fowler & Tanner, H. Howard Fowler, J. L. Edmondson,* for appellant (case No. 50489).

*Carnahan & Kleckley, David C. Carnahan, D. Daniel Kleckley, Homer M. Stark,* for appellees (case No. 50489).

*Homer M. Stark,* for appellants (case No. 50490).

*Carnahan & Kleckley, David C. Carnahan, D. Daniel Kleckley, W. Howard Fowler, J. L.. Edmondson,* for appellees (case No. 50490).