## 32369. CITY OF SMYRNA et al. v. RUFF et al.

NICHOLS, Chief Justice.

Ruff applied to the mayor and city council of the City of Smyrna to have 22.059 undeveloped acres of land to

which he held title rezoned from a single-family residential classification to office and institutional and neighborhood shopping classifications. The city council, after a public hearing attended by some 200 persons, rejected the application on a 5 to 2 vote. Ruff appealed to the superior court and after a lengthy hearing, the trial court held that the residential zoning classification of the subject property was unconstitutional, void and confiscatory and entered an order directing defendants to reconsider the application for rezoning consistent with a classification that would not amount to a taking of plaintiffs' property. The city council appeals from that order and assigns three alleged errors. We affirm.

1. Appellants contend that the trial court erred in ruling that the zoning classification as applied to property owned by appellee is void, confiscatory and unconstitutional and in ordering appellants to rezone the subject property consistent with a classification that would not amount to the taking of appellee's property. This argument is without merit.

This case falls almost squarely within our holding in *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975). In that case we reaffirmed the principle that zoning is subject to the constitutional prohibition against taking private property without just compensation. See also *Commrs. of Glynn County v. Cate,* 183 Ga. 111 (187 SE 636) (1936); *Tuggle v. Manning,* 224 Ga. 29 (159 SE2d 703) (1968); *City of Thomson v. Davis,* 92 Ga. App. 216, 220 (88 SE2d 300) (1955).

Evidence was presented that Ruff's property lies in a triangle adjacent to two heavily traveled roads known as Concord and Hurt Roads. Adjoining the property on the northwest is an apartment complex. Across Concord Road and southeast of the property the zoning is light commercial and neighborhood shopping. Northeasterly, the property is transitional and spot commercial. A Cobb County future land use map was introduced designating the subject property for office and institutional use. The City of Smyrna has designated a portion of the property in a future land use map for office and institutional use.

Undisputed evidence showed that both Hurt and

Concord Roads were heavily traveled roads and highly congested with the highest peaks in the very early morning and late in the afternoon when residents from that area and other areas were going to and from work. There was no evidence that a shopping center would materially increase that congestion at those peak times, rather that vehicles entering a shopping center and office park would not be at those peak hours. The trial court continued the hearing for 60 days to get a determination of what the city planned to do about the traffic congestion as it existed but received no response from the city. The court then found as a matter of fact that there was congestion on Hurt and Concord Roads but with proper planning and traffic control by the city, the construction of a neighborhood shopping center and office and institutional complex would not add to the traffic burden.

Ruff presented testimony of an expert appraiser who testified that the market value of his property, as zoned was $230,000. The appraiser also testified that, appraised for its highest and best use -- that is, office and institutional and neighborhood shopping — the value would be $760,000. The estimated potential difference to Ruff was $530,000. Testimony was also offered from realtors that in their opinion the property was not suitable for residential development and that the highest and best use was for a combination of office and institutional and neighborhood shopping.

There was little evidence that rezoning the property would add materially to noise and pollution or pose any threat to the welfare of the residents.

In *Barrett v. Hamby,* supra (subsequently followed in *Guhl v. Holcomb Bridge Road Corp.,* 238 Ga. 322 (232 SE2d 830) (1977)), it was held: "As the individual's right to the unfettered use of his property confronts the police power under which zoning is done, the balance the law strikes is that a zoning classification may only be justified if it bears a substantial relation to the public health, safety, morality or general welfare. Lacking such justification, the zoning may be set aside as arbitrary or unreasonable. Nectow v. Cambridge, 277 U. S. 183, 188 (1928); *City of Thomson v. Davis,* supra, p. 221.

"As these critical interests are balanced, if the zoning regulation results in relatively little gain or benefit to the public while inflicting serious injury or loss on the owner, such regulation is confiscatory and void. City of Jackson v. Bridges, 243 Miss. 646 (139 S2d 660); Weitling v. DuPage County, 26 Ill. 2d 196 (186 NE2d 291). Moreover, we specifically rule that for such unlawful confiscation to occur, requiring that the zoning be voided, it is not necessary that the property be totally useless for the purposes classified. Accord, Weitling v. DuPage County, supra. It suffices to void it that the damage to the owner is significant and is not justified by the benefit to the public. See generally 8 McQuillin, Municipal Corporations §§ 25.42-25.45 (1965); 1 Rathkopf, The Law of Zoning & Planning, Chs. 5 & 6 (1974)."

2. Appellants contend that the trial court erred in totally disregarding the evidence presented to justify the zoning ordinances as applied to appellee's property as a reasonable and valid exercise of police power to protect the health, safety and welfare of its citizens and deciding in favor of appellee's evidence and characterizing said zoning ordinance as being void, confiscatory and unconstitutional.

We disagree. The transcript of the zoning hearing before the mayor and city council was read into the record, including Councilman Cochran's motion to reject the rezoning petition in which he cited numerous reasons for doing so. The transcript also included the statement by Councilman Mills that he was voting for the motion to reject the rezoning "because you people [the audience] are against the development, and I am going to give my vote to the people."

There was other evidence and testimony introduced before the court as noted in Division 3, and there is no indication that the trial judge totally disregarded evidence purporting to justify the denial of the rezoning application.

3. It is further contended that the court erred in denying appellants the right to have witnesses testify at the trial as to the reasons for their action in refusing to rezone the property. The transcript shows a colloquy between appellants' attorney and the court in which it

was stated that the various members of the city council, including Councilman Cochran, were under subpoena and were brought in for the purpose of showing why they voted for the motion, rejecting the rezoning. There was agreement from counsel that the motion was stipulated and part of the record. The court advised that the acts of the councilmen were official acts done in an official capacity and could not be expanded or elaborated.

The ancient rule is that official transactions should be proved by the records and that parol evidence is inadmissible. *Brantly v. Huff,* 62 Ga. 532 (2) (1879).

Appellants contend for the first time in the appeal that the proceeding before the trial court was a de novo proceeding governed by Code § 6-501 and as such the city council should have been allowed to introduce any and all evidence and testimony it desired before a trial court after a property owner had attacked the decision.

Appellants cite *Royal Atlanta Development Corp. v. Staffieri,* 135 Ga. App. 528 (218 SE2d 250) (1975) as authority for a de novo hearing. That case did not rule that parol evidence could be introduced to expand or elaborate on transcriptions of official acts by governing bodies.

Contrary to the appellant's contention, the court did not deny the city the right to introduce other witnesses. The record shows the presentation on behalf of the appellants two engineers, a local resident, a land developer and real estate broker, and an intervenor and homeowner. No error of law appearing, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

SUBMITTED JUNE 3, 1977 — DECIDED OCTOBER 25, 1977 — REHEARING DENIED NOVEMBER 29, 1977.

*Cochran, Camp & Snipes, J. Al Cochran,* for appellants.

*Dupree & Staples, Hylton B. Dupree, Jr., Barry Staples, Daniel Scoggins,* for appellees.

*Walter E. Sumner, Lennie F. Davis, Eugene Hardwick Polleys, Thomas N. Austin,* amicus curiae.

JORDAN, Justice, dissenting.

I dissented in *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975) and am therefore in disagreement with the result reached by the majority opinion in this case which relies on *Hamby.*

It appears to me that the basic contention of the appellee, to uphold his theory of a confiscatory zoning, is based on the fact that his property is worth $230,000 zoned residential and $760,000 if zoned commercial. If such a theory is viable, then any zoning of property which renders its economic value lower than some other zoning classification would be confiscatory and unconstitutional. This would emasculate the concept of our zoning laws.