42298. NORRIS v. ATLANTA & WEST POINT RAILROAD COMPANY.

(333 SE2d 835)

CLARKE, Justice.

We granted certiorari in this case to decide whether the "doctrine of binding precedent" should be recognized in Georgia. We conclude that it should not.

Norris, an employee of Signal Delivery Service, Inc. (SDSI) drove a delivery truck on the tracks of the railroad. The truck was hit by a train. As the train braked and hit the truck, a crew member was injured. The crew member sued SDSI in the Superior Court of Fulton County, alleging that his back injury was caused by the negligence of SDSI's employee Norris. SDSI defended on the theory that the injury was caused by failure of the railroad to provide a safe crossing and by the crew member's own negligence. The jury awarded a verdict of $20,000 to the crew member.

The present suit was filed in the Superior Court of Coweta County by Norris and his wife against the railroad for injuries to Norris and Mrs. Norris' loss of consortium. The railroad moved for summary judgment, relying on res judicata and collateral estoppel. The trial court granted summary judgment, and the Court of Appeals affirmed, finding that the Norrises were precluded from suing the railroad under the "doctrine of binding precedent" because the issue of Norris' negligence had been fully litigated. *Norris v. Atlanta & West Point R. Co.,* 174 Ga. App. 389 (330 SE2d 151) (1985).

OCGA § 9-12-40 provides that "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-42 provides that "For a former judgment to be a bar to subsequent action, the merits of the case must have been adjudicated." These code sections together set out the basic principles of res judicata in Georgia. For res judicata to act as a bar of a subsequent action, the

original and subsequent action must bear certain identical characteristics. The two actions must be between identical parties or their privies, and the cause of action in each suit must be identical. Collateral estoppel, like res judicata, requires identity of parties or privity. However, unlike res judicata, collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action. *Sumner v. Sumner*, 186 Ga. 390 (197 SE 833) (1938).

As Judge Carley pointed out in his dissent, *Norris v. Atlanta & West Point R. Co.*, supra at 396, the matter of res judicata or collateral estoppel is complicated in master-servant cases by the principle of derivative liability. Although under certain circumstances the master or, more rarely, the servant, may claim the benefit of a prior adjudication in favor of the other, *McNeal v. Paine, Webber, Jackson & Curtis, Inc.*, 249 Ga. 662 (293 SE2d 331) (1982); *Gilmer v. Porterfield*, 233 Ga. 671 (212 SE2d 842) (1975), the master or servant who has never had a day in court cannot be barred by a prior adjudication against the other. "[A]n agency or master-servant relationship [does not] ipso facto [constitute] privity for purposes of res judicata or estoppel by judgment." *Davis v. Bryant*, 117 Ga. App. 811, 812 (162 SE2d 249) (1968). In the present case Mr. and Mrs. Norris are not in privity with SDSI. Therefore they cannot be barred from litigating their action against the railroad by res judicata or collateral estoppel even though the issue of Norris' negligence was present in the Fulton County action.

The Court of Appeals based its holding that the Norrises are barred not on res judicata or collateral estoppel but, rather, on the "doctrine of binding precedent." This precept, first enunciated by the Court of Appeals in *Bray v. Westinghouse Electric Corp.*, 103 Ga. App. 783 (120 SE2d 628) (1961), was explained in *Lowe Engineers v. Royal Indem. Co.*, 164 Ga. App. 255, 259 (297 SE2d 41) (1982), as follows: "Succinctly stated, that doctrine provides where the issue of liability has previously been adjudicated with negative results for a party contending for the same rights in subsequent litigation, the former judgment, although not res judicata, estoppel by judgment nor collateral estoppel as to the present action because the parties are different, does constitute binding precedent, inasmuch as the controlling issue . . . has already been adjudicated under substantially similar allegations."

This court has never accepted the "doctrine of binding precedent," and we have found no other jurisdiction which has done so. As used by the Court of Appeals the "doctrine" is a species of collateral estoppel in which no privity is required. Our treatment of *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270) (1982), can be interpreted as a rejection of the "doctrine." In *Stapleton v. Palmore* we affirmed the

Court of Appeals' ruling that a subsequent suit for loss of consortium was not barred by an earlier verdict for a defendant on the question of liability for the injured party's injuries. The situation seems identical to those in which the "doctrine of binding precedent" has been applied by the Court of Appeals. Although in the present case the Court of Appeals tries to distinguish loss of consortium cases in which spouses seek different damages for different injuries in separate actions, we find this a distinction without a difference. For in all cases in which one not in privity seeks to adjudicate a claim, due process requires that the one who has not had his day in court will not be barred by a prior adjudication.

A search of opinions from other jurisdictions reveals that the term "binding precedent" refers to the doctrine of stare decisis. See, e.g., *Miller Building Supply, Inc. v. Rosen*, 485 A2d 1023, 1027, n.2 (61 Md. App. 187) (1985); *State v. King*, 413 NE2d 1016 (Ind. App. 1980); *Southwestern Warehouse Corp. v. Wee Tote, Inc.*, 504 SW2d 592 (Tex. Civ. App. 1974). According to Black's Law Dictionary, stare decisis is the doctrine that ". . . when court has once laid down a principle of law as applicable to a certain state of facts, it will adhere to that principle, and apply it to all future cases, where facts are substantially the same." Stare decisis, unlike res judicata or collateral estoppel, does not involve claim preclusion or issue preclusion. It does not work as a bar but only dictates the conclusion of law which will be made upon a given set of facts.

Binding precedent in the sense of stare decisis is not applicable to this case. There was no principle of law laid down as a result of the Fulton County action which would dictate a given result in the Coweta County action.

Finally, summary judgment on the basis that there were no material issues of fact and Norris' negligence was established as a matter of law is not appropriate in this case. There are questions of fact remaining in this case concerning the possible negligence of the railroad. The fact that Norris may have been adjudged negligent does not reach the question of the possible concurrent negligence of the railroad. The possibility remains that his injuries could have been proximately caused by the negligence of the railroad as well as his own. The comparative negligence rule would then apply.

Therefore, Mr. and Mrs. Norris, who have never had an opportunity to litigate their claims may not be barred from asserting these claims by res judicata or collateral estoppel. Summary judgment is not appropriate in this case because material issues of fact remain. Finally, we disapprove the "doctrine of binding precedent" enunciated by the Court of Appeals and find that although it may promote judicial economy it is violative of due process.

*Judgment reversed. All the Justices concur, except Marshall,*

*P. J., and Weltner, J., who concur in the judgment only.*

DECIDED SEPTEMBER 5, 1985.

Wood, Moore & Grant, L. Lin Wood, Jr., John O. Moore, Burdine & Brown, Thomas F. Brown II, for appellant.

Sanders, Mottolla, Haugen & Goodson, Willis G. Haugen, A. Mitchell Powell, Jr., for appellee.

Alton D. Kitchings, Manley F. Brown, David N. Rainwater, amici curiae.