S89A0478. JEBCO VENTURES, INC. et al. v. CITY OF SMYRNA et al.
(385 SE2d 397)

MARSHALL, Chief Justice.

In this case, the plaintiffs-appellants, who own property in the City of Smyrna, contend that the defendants-appellees, the aforementioned municipality and its city council, acted in an unconstitutional manner in denying their application to rezone a two-tract parcel of land from Office & Institutional, and Residential Townhome Development, to Neighborhood Shopping, in order to permit the construction of a shopping mall at the intersection of Hurt and Concord Roads in the City of Smyrna.

The subject property is composed of a 3.901-acre tract owned by appellant Ramen Patel, and an 8.083-acre tract of land owned by appellant Richard Thompson.

The foregoing acreage is part of a 22.059-acre tract of land, which was the subject property in *City of Smyrna v. Ruff,* 240 Ga. 250 (240 SE2d 19) (1977), wherein it was held that, under the evidence of record in that case, the single-family residential zoning classification of the property resulted in a taking of property without just compensation and thus was unconstitutional under *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975).

In the present case, the appellants contend that this holding in *Ruff* is a "binding precedent" here. *Standard Oil Co. v. Harris,* 120 Ga. App. 768 (1) (172 SE2d 344) (1969); *Bray v. Westinghouse Electric Corp.,* 103 Ga. App. 783 (120 SE2d 628) (1961).

The appellants also contend that, under criteria enunciated in *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322 (232 SE2d 830) (1977), the evidence here shows in a clear and convincing manner that

the existing zoning causes them a significant economic detriment and bears an insubstantial relationship to the public health, safety, morals, or general welfare.

For reasons which follow, we reject these arguments and affirm. These are the facts:

The evidence in *Ruff* showed that the 22.059-acre tract is a triangular tract of land and is adjacent to Concord and Hurt Roads, which are two heavily traveled roads. The tract is located in a "fringe area" between commercial and residential properties. Future land-use maps for Cobb County and the City of Smyrna designated this property for office and institutional use. Concerns as to traffic congestion were not addressed by the city. And, the evidence showed that the property was worth $230,000 as zoned for single-family residential use; whereas the property was worth $760,000 if rezoned for neighborhood shopping, and office and institutional use, which was its highest and best use.

Following our decision in *Ruff*, the City of Smyrna rezoned the Patel tract to Office & Institutional, and the Thompson tract was rezoned to Neighborhood Shopping. However, in 1983, Ralph Combs, who had purchased what is now referred to as the Thompson tract, filed an application for rezoning of that tract to Residential Townhome Development, and the application was granted.

In June of 1984, appellant Thompson bought that tract, and in October of 1986, appellant Patel bought the other tract involved in this case.

As found by the trial court, the evidence in this case shows that the Thompson tract has appreciated in value since its purchase by Thompson, and, with regard to the Patel tract, the evidence shows "little loss in value."

However, these tracts have not yet been developed, although there have been other successful single-family and multi-family residential developments in the area.

In any event, both Patel and Thompson have entered into contracts to sell their properties to appellant, Jebco Ventures, Inc., conditioned upon the granting of their rezoning application.

Following an evidentiary hearing, the trial court in this case entered findings of fact to the effect that the subject property tends to be a dividing line between properties which are almost exclusively residential in one direction and commercially developed properties in the other direction.

And, as to the remaining facts of this case, it is sufficient to state that, although the evidence as a whole fully supports the trial court's findings, there is some conflict in the evidence in regard to whether the commercial development of the subject property would adversely affect the market valuation of surrounding residential properties;

whether such decreased valuation of surrounding properties would outweigh any decrease in the valuation of the subject property under its current, rather than proposed, zoning classification; whether development of the subject property for single-family or multi-family residential use is feasible under the facts and circumstances of this case; and whether the construction of a shopping center on this property would significantly increase traffic congestion in the area.

A real estate appraiser testifying on behalf of the appellants stated that, in his opinion, the market value of the Patel tract is $255,000, as presently zoned, and the market value of the Thompson tract is $400,000, as presently zoned; whereas, if rezoned General Commercial, these two tracts would have a combined market valuation of $1,550,000.

1. As previously stated, the appellants' first contention is that *City of Smyrna v. Ruff*, supra, constitutes a "binding precedent" in regard to the issue of whether the residential zoning of the subject property is constitutional.

As we noted in *Norris v. Atlanta &c. R. Co.*, 254 Ga. 684 (333 SE2d 835) (1985), the doctrine of "binding precedent" was first enunciated by the Georgia Court of Appeals in *Bray v. Westinghouse Electric Corp.*, 103 Ga. App. 783, supra, and it next finds expression in *Standard Oil Co. v. Harris*, 120 Ga. App. 768 (1), supra.

As further noted in *Norris*, the doctrine of "binding precedent," as applied in *Bray* and *Standard Oil*, is "a species of collateral estoppel in which no privity is required." 254 Ga. at 685.

In this regard, a plea of collateral estoppel, or estoppel by judgment, bars parties or their privies from relitigating issues which they have actually had adjudicated at a prior time, even though the adjudication may have taken place in a cause of action, or in litigation of a claim, different from the one at bar. *Lowe Engineers, Inc. v. Royal Indem. Co.*, 164 Ga. App. 255, 258 (297 SE2d 41) (1982), and cits. Such a plea is distinguishable from a plea of res judicata, which precludes the parties or their privies from relitigating matters which were, or could have been, put in issue, after a cause of action or claim has been adjudicated. Id.

Under the doctrine of "binding precedent," as applied in *Bray* and *Standard Oil*, it was held that trial-court rulings, as sustained on appeal, were binding upon the party defendant against whom an issue of liability had been adjudicated, when a nonparty to the prior proceeding sued such party defendant under "substantially similar allegations." *Bray*, supra, 103 Ga. App. at 783.

This rule also bears similarity to an aspect of the "law of the case rule," which has continuing viability. In this regard, the "law of the case rule," as applied in *Hill v. Willis*, 224 Ga. 263 (161 SE2d 281) (1968), has been abolished, "provided, however, that any ruling by the

[appellate court] in a case shall be binding in all subsequent proceedings *in that case* in the lower court and in the [appellate court]." (Emphasis supplied.) OCGA § 9-11-60 (h); see *Jones v. Spindel*, 128 Ga. App. 88 (1f) (196 SE2d 22) (1973) and cits. The doctrine of "binding precedent," within the meaning of the previously cited cases, would apply this aspect of the "law of the case rule" to a case involving a different plaintiff but the same party defendant.

In any event, it was noted in *Norris* that although other jurisdictions use the term "binding precedent" as synonymous with the doctrine of stare decisis, this term, as applied in *Bray* and *Standard Oil*, is applied by no other jurisdiction. And, in *Norris*, it was held that, "[o]ur treatment of *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270) (1982), can be interpreted as a rejection of the 'doctrine.'" 254 Ga. at 685.

2. The appellants' remaining argument is that an application of the criteria in *Guhl v. Holcomb Bridge Rd. Corp.*, supra, to the evidence in this case demands the conclusion that the existing residential zoning of the subject property causes the appellants a significant economic detriment, and does not bear a substantial relationship to the public interest. We disagree.

Subsequent to our decision in *Ruff*, it has been recognized that there is always an economic loss in comparing a property's value as zoned residential to its value as zoned commercial. *Holy Cross Lutheran Church, Inc. v. Clayton County*, 257 Ga. 21 (354 SE2d 151) (1987) and cits.; *DeKalb County v. Chamblee Dunwoody Hotel Partnership*, 248 Ga. 186 (1) (281 SE2d 525) (1981) and cits.

> Hence the evidence that the subject property would be more valuable if rezoned . . . borders on being irrelevant. On the other hand, the evidence as to the value of the land as zoned is critical . . . [L]andowners may not decline to develop land in a permissible manner and concurrently use the fact that the land is undeveloped to show that the permitted use is unconstitutional. [Footnote omitted.] [*Chamblee Dunwoody Hotel*, supra, 248 Ga. at 190.]

And, as noted in the *Holy Cross* case, in zoning controversies involving "fringe areas" — that is, property which is zoned residential and which lies on the periphery of a residential zoning district, with encroaching commercial development taking place on adjacent property — the local governing body is the "more appropriate one" to decide, in the "best interests of the locality and its citizens," where "the line as to these encroachments" should be drawn. 257 Ga. at 23.

In the present case, the municipal governing authority has drawn that line. And, the evidence in this case supports the trial court's rul-

ing that, notwithstanding the economic detriment suffered by the appellants under the existing zoning, the property as zoned has substantial value; and, by providing a buffer between commercial and residential areas, the existing zoning bears a substantial relationship to the public interest. *Chamblee Dunwoody Hotel,* supra.

*Judgment affirmed. All the Justices concur. Clarke, P. J., disqualified.*

DECIDED NOVEMBER 9, 1989 —
RECONSIDERATION DENIED NOVEMBER 29, 1989.

*Hylton B. Dupree, Jr., Mark A. Johnson,* for appellants.
*Cochran, Camp & Snipes, Charles E. Camp,* for appellees.