### 38490. LONGINO v. GARNER *et al.*

CARLISLE, Judge. The plaintiff in his petition alleged that the
defendants named therein were indebted to him in a certain
amount for building materials sold to them as per an itemized
statement attached as an exhibit to the petition and that
such materials were delivered to the defendants and used by
the defendants in the improvement of a certain described tract
of land belonging to them. Upon the trial of the case the
plaintiff testified that he did not sell the building materials
to the defendants but that he sold them to one Scott, who,
he understood and was led to believe, was the defendants'
lessee, and that he extended credit to Scott; that he had had
no dealings with the defendants and that the materials were
delivered to Scott and billed to him under his trade name,
"Scott's Truck Stop"; that such materials were used in im-
proving the property of the defendants. The evidence showed
that the property involved was held by Scott, if at all, under
a lease; that the plaintiff had seen and read that lease, which
had, among its terms, the provision that "lessee, at his ex-
pense, may erect new buildings on said premises and may
make or cause to be made such structural changes in any
buildings now or hereafter located on leased premises as
may be advantageous to his needs or requirements." *Held:*
Such evidence was wholly insufficient to show that the lessee
in contracting for the materials was acting as agent for
the defendant lessors so as to entitle the plaintiff to re-
cover a general judgment against the defendant lessors for
any sum due on account of the furnishing of such materials
or to have foreclosed a lien on the defendant lessors' premi-

ses. *Gignilliat v. West Lumber Co.*, 80 Ga. App. 652 (2) (56 S. E. 2d 841); *Morgan v. May Realty Co.*, 86 Ga. App. 261 (71 S. E. 2d 438); Sol Abrahams & Son Const. Co. v. Osterholm, 136 S. W. 2d 86, 92 (Mo. App.); Lilly v. Munsey, 135 W. Va. 247 (63 S. E. 2d 519). The trial court did not err in granting the defendants' motion for a nonsuit.

*Judgment affirmed. Townsend and Frankum, JJ., concur.*

DECIDED OCTOBER 21, 1960—REHEARING DENIED NOVEMBER 10, 1960.

*Charles H. Hyatt, W. S. Northcutt, Northcutt, Edwards & Johnston,* for plaintiff in error.

*Tindall & Tindall, J. D. Tindall, Jr.,* contra.