## 57015. McCULLEY v. DUNSON et al.

SHULMAN, Judge.

The appellant, plaintiff below, brought suit against appellees Dunson and Beacon Electronics, Inc., and Gordon Denny (who is not a party to this appeal), alleging that she had been fraudulently "flim-flammed." Defendant Denny did not answer and was not represented at trial; appellees did answer and were represented.

At the close of the evidence, appellees made a motion for directed verdict "on the grounds that there has been no proof of agency and that there has been no proof that either of the defendants, Dunson or Beacon, made any representations that the plaintiff relied on in dealing with Gordon Denny." Appellant brings this appeal from the grant of that directed verdict to appellees.

1. Appellant urges that the motion for directed verdict should have been denied because the evidence authorizes a finding of an "agency relationship" between the appellees and defendant Denny.

The evidence shows that Denny expressed an interest in marketing appellees' alarm products. He deposited $500 against a total investment of $5,000 to obtain a dealership and was given 90 days in which to pay the balance. He subsequently paid $200 more, bringing his total deposit to $700. Denny then published a newspaper advertisement soliciting a "working partner" with $5,000 to invest. Appellant responded to this advertisement by contacting Denny, who told her he was interested in "going into a dealership with Beacon Electronics and he needed a partner because it would cost more than he had to put up by himself." Denny also made representations that if appellant would contribute $5,000, he would contribute a like amount.

Appellant agreed to enter into a partnership with Denny and presented him a check for $5,000, made to "Gordon Denny Assoc." for "half-dealership partnership

investment." She and Denny signed a "Dealership Agreement" with Beacon Electronics, giving them the right to retail its alarm products in Douglas County, Georgia. This agreement was also signed by Dunson, the secretary of Beacon Electronics.

Denny never contributed any money to the partnership and used appellant's $5,000 to pay the balance due to Beacon Electronics for the dealership rights. Appellant subsequently became disillusioned with Denny as a partner, tried to get him to buy her out, but was refused. The business failed, according to appellant, because of Denny's disinterest in the partnership and his failure to provide financial contribution. This suit was brought to have appellant's investment returned and for other damages which she claimed resulted from her business association with appellees and Dunson.

At no time prior to her signing the "Dealership Agreement" or paying Denny the $5,000 did the appellant have any contact with appellees Dunson and Beacon Electronics. She dealt solely with Denny, and it was his representations which originally induced her to invest $5,000. Appellant urges, however, that there was evidence that Denny was the agent of the appellees and that she should be allowed to recover under the theory that a principal commits fraud through his agent when the fraud is conducted for the benefit of the principal. *Finch v. Hill,* 146 Ga. 687 (1) (92 SE 63).

"The relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." Code Ann. § 4-101. Here, there is no evidence of an express agency relationship. However, " '[t]he authority of an agent in a particular instance need not be proved by an express contract; it may be established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deductible from the conduct of the parties, the agent apparently has.' [Cits.]"

*Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844, 847 (72 SE2d 816).

There is in the record no evidence whatever that the appellant was ever led to believe that Denny was the agent of the appellees or that she was dealing with Denny other than in his individual capacity as a potential partner in the dealership. The advertisement which she answered was in Denny's name. There is no evidence that the appellees ever held Denny out to her as their agent or that they ever indicated that Denny had any authority to act for them. Likewise, the appellees never induced the appellant to deal with Denny. Denny solicited the appellant and she dealt with him, not as appellees' agent, but in his own individual capacity as an entrepreneur seeking a partner.

Under the agreement, appellee Beacon Electronics was the "Distributor" while Denny and appellant, as partners, were its "Dealers." Therefore, it was logical that appellees would testify to having "a lot riding on the success of the Denny/McCulley dealership." But the mere fact that appellees had an interest in the success of dealership does not, without more, make appellees Denny's principals. See generally *Arthur Murray, Inc. v. Smith,* 124 Ga. App. 51, 53 (183 SE2d 66). Nor do we find the facts that Denny conferred with appellees about choosing the appellant as his partner and that appellee Dunson typed up and signed the Beacon Electronics "Dealership Agreement" to be dispositive of the agency question. See generally *W. T. Rawleigh Co. v. Oliver,* 67 Ga. App. 748 (21 SE2d 490).

The evidence simply shows that appellant was solicited by Denny as his "working partner"; that she did not meet or converse with appellees before entering into an agreement with Denny to become his partner; that she gave Denny a check for "half dealership partnership investment"; and that she and Denny, as partners, signed a "Dealership Agreement" with appellees. Under this evidence we are constrained to agree that there was no showing of an agency relationship between the appellees and Denny. See generally *Longino v. Garner,* 102 Ga. App. 680 (117 SE2d 259). The grant of the directed verdict was proper as to this theory of recovery against appellees.

2. Appellant's remaining enumeration of error is predicated upon her contention that there was sufficient evidence of conspiracy between Denny and appellees to warrant a submission of the case to a jury.

The trial judge, at the conclusion of the evidence, directed a verdict for the appellant and against the absent Denny in the amount of $5,000. Under these circumstances, "the issue becomes whether there is sufficient evidence of a conspiracy to bind the [other defendants]." *Grainger v. Jackson,* 122 Ga. App. 123, 128 (176 SE2d 279).

The evidence clearly shows that the appellant was induced by Denny into becoming his partner. It does not show, however, that the appellees were somehow a part of a conspiracy to induce her into that partnership. The appellant has cited no relevant evidence to authorize such a finding. The evidence shows only that the appellant was solicited by Denny to become his partner and obtain a dealership from the appellees. She entered into this partnership based upon Denny's representations and received from appellees what she sought to receive, a Beacon Electronics dealership.

We are aware that "[t]o show conspiracy . . . it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or writing they formulated their unlawful objects. It is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design." *Woodruff v. Hughes,* 2 Ga. App. 361, 365 (58 SE 551). But it is also true that "[t]he law should not, and does not, authorize a finding that a conspiracy exists merely because of some speculative suspicion. . ." *Grant v. Hart,* 197 Ga. 662, 680 (30 SE2d 271).

While the question of conspiracy is "solely a question for the jury" if the plaintiff alleges facts and circumstances which suggest a conspiracy, or which " 'establish an inference, as a deduction from conduct which discloses a common design' " (*Hodges v. Youmans,* 129 Ga. App. 481 (2) (200 SE2d 157), citing *Harris v. State,* 184 Ga. 382, 392 (191 SE 439)), the mere fact that conspiracy has

been alleged does not require submission of the question to the jury. See generally *Rood v. Newman,* 75 Ga. App. 621 (44 SE2d 171).

There was no error.

*Judgment affirmed. Deen, C. J., and McMurray, J., concur.*

Argued January 8, 1979 — Decided April 4, 1979.

*Marshall L. Helms, Jr.,* for appellant.
*John M. Cogburn, Jr.,* for appellees.