64453. HAMLET et al. v. MR. ZIPPY, INC. et al.

BANKE, Judge.

The appellants sued to recover for the alleged breach of a franchise agreement, contending that the appellee-franchisor failed to honor its obligation to establish a franchise organization and to provide training, advertising, consulting, and other services called for in the agreement. Asserting that this resulted in a failure of consideration, the appellants prayed for the inconsistent remedies of damages and rescission. The appellee counterclaimed to collect damages for the appellants' alleged failure to make payments due under the agreement. In addition to a money judgment, the counterclaim also sought foreclosure of a security interest in certain equipment which had been provided to the appellants.

This appeal is from the trial court's grant of partial summary judgment to the appellee in the amount of $37,750, based on its conclusion that "there is no genuine issue with respect to the fact that [appellee is] entitled to judgment in at least that amount . . ." This figure was apparently reached by taking the total franchise price of $57,750 and deducting from it $20,000 in payments which the appellants claim, by affidavit to have made. The court further ruled that the appellee was entitled to proceed with foreclosure and repossession of the collateral offered as security for the indebtedness. All other issues, "including [appellee's] claim for additional money damages and the [appellants'] claim for rescission and/or abatement of the purchase price," were left pending. The appellants contend on appeal that genuine issues of fact remain as to whether there was a partial failure of consideration, whether the parties agreed to a new payment schedule subsequent to the execution of the franchise agreement, and whether the appellee is estopped from insisting upon the strict terms of the contract due to its acceptance of late and irregular payments. *Held:*

The movant in a motion for summary judgment is required conclusively to negate the existence of all material issues of fact, even as to matters on which the respondent would have the burden of proof at trial. See *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973); *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971). While the appellants in this case have presented no evidence showing with particularity and certainty the extent of the alleged partial failure of consideration as they would be required to do to establish the defense at trial (see *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124, 126 (192 SE2d 513) (1972); *Toole v. Brownlow & Sons,* 151 Ga. App. 292, 295 (259 SE2d 691) (1979)), the appellee has not negated the defense by producing uncontroverted evidence that full

consideration was in fact delivered under the terms of the franchise agreement. It follows that the grant of partial summary judgment was in error, and it becomes unnecessary to consider the remaining grounds advanced by the appellants for reversal of the trial court's judgment.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 10, 1982 —
REHEARING DENIED OCTOBER 14, 1982.

*Theodore Lee Marcus,* for appellants.
*Jay D. Bennett,* for appellees.