## 66288. SACHDEVA et al. v. SMITH et al.

BANKE, Judge.

Plaintiffs brought this action to recover damages for malicious interference with their alleged contract to purchase from Georgia-DeKalb Limited a business known as Peachtree Package Store. Named as defendants were Mark Smith, President of Georgia-DeKalb, as well as Manfred Stein and Duke Palmer, whose purchase of the business from Georgia-DeKalb precipitated this suit. The plaintiffs' alleged contract came about pursuant to negotiations between Mark Smith and plaintiff Sachdeva's husband, who was representing both his wife and her partner, the other plaintiff in this case. Whether or not these parties entered into a binding contract for the sale of the business was a subject of dispute at trial. Although defendant Smith asserts in his brief that this issue must be resolved in a suit currently pending between the plaintiffs and Georgia-DeKalb, the trial court ruled as a matter of law that the contract was valid. The alleged interference occurred when Mark Smith sold the business to defendant Stein and Palmer pursuant to a contract made subsequent to the one involving the plaintiffs. At issue in this appeal is the trial court's direction of a verdict in favor of Stein and Palmer. The jury returned a verdict in favor of the plaintiffs against defendant Mark Smith.

The uncontroverted evidence shows that Stein and Palmer first learned of plaintiffs' interest in the business when Palmer attended a meeting of the Chamblee City Council for the purpose of obtaining a liquor license. He was informed at that time that there was another application for the same license but was assured by Smith upon inquiry that there was nothing to worry about. The overall purchase price to Stein and Palmer was $14,500 more than that called for in the plaintiffs' contract. Upon this evidence, plaintiffs contend, that a jury would have been authorized to find that Palmer and Stein conspired with Smith to their detriment. *Held:*

" 'To show conspiracy . . . it need not appear that the parties met

together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or writing they formulated their unlawful objects. It is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design.' . . . 1 Eddy on Comb. § 368." *Woodruff v. Hughes,* 2 Ga. App. 361, 365 (58 SE 551) (1907). See also *Grainger v. Jackson,* 122 Ga. App. 123 (176 SE2d 279) (1970). "But it is also true that '[t]he law should not, and does not, authorize a finding that conspiracy exists merely because of some speculative suspicion . . .' [Cit.] While the question of conspiracy is 'solely a question for the jury' if the plaintiff alleges facts and circumstances which suggest a conspiracy or which ' "establish an inference, as a deduction from conduct which discloses a common design." ' (*Hodges v. Youmans,* 129 Ga. App. 481 (2) (200 SE2d 157), citing *Harris v. State,* 184 Ga. 382, 392 (191 SE 439)), the mere fact that conspiracy has been alleged does not require submission of the question to the jury." *McCulley v. Dunson,* 149 Ga. App. 551 (2) (254 SE2d 877) (1979). There is no evidence of record which would authorize a finding that Stein and Palmer either positively or tacitly came to a mutual understanding with Smith to accomplish an unlawful design. See *Woodruff v. Hughes,* supra.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 6, 1983 —
REHEARING DENIED JUNE 22, 1983.

*Louis F. McDonald,* for appellants.

*Mark A. Smith III, Wayne A. Krause, David A. Sellers,* for appellees.