## 67279. KEY PROFESSIONAL SYSTEMS, INC. v. CITICORP INDUSTRIAL CREDIT, INC.

SOGNIER, Judge.

Key Professional Systems, Inc. (Key) sued Citicorp Industrial Credit, Inc. (Citicorp) for money allegedly due Key upon Citicorp's employment of a client handled by Key. The trial court granted Citicorp's motion for summary judgment and Key appeals.

Key, an employment placement agency, aided Thomas Mahaffey in his search for a more advanced management position. Although the evidence is conflicting as to how the interview was arranged, Mahaffey was interviewed by the vice-president of Citicorp's vendor leasing division, Edward Quinn, for a sales representative position. Mahaffey was not offered the position but was asked to keep in touch and approximately nine months later was hired by Edward Quinn as regional sales manager. In a deposition, Betty Reaid, president of Key, said that at the time of the first interview she mailed Quinn a copy of Mahaffey's resume and a copy of the employer paid fee contract used by Key. This fee contract stated the percentage basis of Key's fee should an employer hire a Key client and included a duration clause making this fee payable to Key should the client be hired, directly or indirectly, through Key's efforts within one year of the date of referral. Quinn and his secretary denied ever receiving a copy of the fee contract.

Appellant contends that the trial court erred by granting appellee's motion for summary judgment because genuine issues of material fact exist as to its claims of express contract and quantum meruit. "The cardinal rule in the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is an issue of fact. [Cit.] The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact and if the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. [Cits.]" *Jonesboro Tool &c. Corp. v. Ga. Power Co.*, 158 Ga. App. 755, 758 (282 SE2d 211) (1981).

1. In a motion for summary judgment the burden shifts to appellee as the moving party to conclusively negate the existence of all ma-

terial facts, even as to matters on which appellant would have the burden of proof at trial. *Hamlet v. Mr. Zippy, Inc.*, 163 Ga. App. 865 (294 SE2d 671) (1982). To counter appellant's claim of express contract, appellee first argues that the presumption relied upon by appellant, that the employer paid fee contract mailed by Reaid was delivered to appellee through the mail, was rebutted by the uncontradicted affidavits of Quinn and his secretary denying they received the fee contract. *Tyler v. Jones County Bank*, 78 Ga. App. 741 (52 SE2d 547) (1949). However, Quinn admitted in his deposition that he received a copy of Mahaffey's resume and there was no evidence submitted by appellee to contradict Reaid's statement that she probably mailed the resume and fee contract to Quinn simultaneously. This evidence was sufficient to raise a fact question as to whether the fee contract was delivered to appellee with the resume. Secondly, appellee argues that even assuming there was delivery, there was no meeting of the minds to render the fee contract enforceable. Quinn stated in his deposition that he had dealt with placement agencies before and was aware that their services were provided at a percentage of the new employee's salary. He admitted that had he hired Mahaffey at the time of the first interview that appellee would have owed appellant a fee for its services. "[E]xistence vel non (or not) of mutual intention is ordinarily a question of fact which is reserved for determination by the jury." *Siegel v. Codner*, 153 Ga. App. 438, 442 (1) (265 SE2d 287) (1980). We find Quinn's testimony sufficient to raise issues of fact as to the existence of an enforceable mutual agreement between the parties.

2. Appellee cites *Williams v. Coca-Cola*, 158 Ga. App. 139 (279 SE2d 261) (1981) in support of its contention that there are no genuine issues of material fact as to appellant's alternate claim of quantum meruit. In *Williams* the appellant claimed to have provided services to the appellee by bringing appellee together with a third company for the purpose of corporate merger or acquisition. The evidence before the trial court showed that the appellee's purchase of the third company several years after appellant's alleged help was the result of action initiated and implemented quite independently of the appellant. We find that case distinguishable from the instant case. The evidence before the trial court shows that appellant was instrumental in bringing Mahaffey and appellee together, that appellee did not hire Mahaffey for the regional sales manager position at that time due to budget restrictions and when those restrictions were lifted, Mahaffey was the person they hired. Whether appellant's exertions in bringing appellee and Mahaffey together predicated an implied promise to pay the reasonable value of that service is an issue of fact.

Therefore, because questions of material fact remain as to both issues of express contract and quantum meruit, the trial court erred

in granting appellee's motion for summary judgment.
   *Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 14, 1984 —
REHEARING DENIED MARCH 5, 1984.

*Joseph J. Gigliotti, T. Gordon Lamb*, for appellant.
*R. Matthew Martin*, for appellee.