## 70180. JOHN D. STEPHENS, INC. v. GWINNETT COUNTY et al.
(333 SE2d 396)

POPE, Judge.

Appellant John D. Stephens, Inc. brought suit against appellees Gwinnett County and Charles W. Ashworth, individually and as Chairman of the Board of Commissioners, seeking damages for breach of contract by re-bidding and re-letting five public improvement projects. The contract in question, entitled "Yearly Contract for the Construction, Maintenance and Repair of Small Gravity Sewers, Force Mains and Small Water Mains for the Gwinnett County Water & Sewage Systems," (Yearly Contract) was duly advertised and

awarded by unanimous vote of the Gwinnett County Board of Commissioners to appellant Stephens as low bidder in the amount of $3,667,067 at its regular meeting on June 22, 1982. The contract as executed by appellant contained an addendum which had been submitted by appellee Ashworth at the previous meeting of the commission on June 15, 1982, which provided as follows: "When the construction cost for a particular project has been estimated based on the unit prices received under this Contract and the estimated total construction cost exceeds $50,000, the Board of County Commissioners shall have the option to (1) give notice to proceed based on the annual contract prices in effect or (2) re-bid the project on an individual basis." According to the minutes of the June 22 meeting of the Board of Commissioners, when the motion was made that the bid for the Yearly Contract be awarded to appellant as low bidder, Commissioner Maron Buice requested to include in this motion awarding the contract to appellant that when the amount of $3,667,067 was reached, "the Board review any other work that might be given in this amount." The motion was so amended, seconded and unanimously approved by vote of the Commission.

On February 1, 1983 the Commission advertised for bids for five projects involving water main and sewer construction for the county which were the type of work awarded to appellant under the Yearly Contract, and subsequently awarded those five projects to various bidders other than appellant, which declined to bid on the ground that it had already been awarded these projects under the Yearly Contract. Appellant then filed the instant suit, alleging in Count I that the five projects had been awarded to it under the Yearly Contract; and that the addendum which authorized the Commission to award them was an absolute nullity because Ashworth as Chairman of the Board of Commissioners had promulgated it in direct contravention of the resolution adopted by the Commission. Count III sought damages for one of the five projects involving relocation of ground water lines along U. S. Highway 29, alleging that appellant was entitled to damages on this project even if the addendum were valid because it had been given notice to proceed with the work. Count V was for damages against Ashworth for tortious interference with appellant's contract with the county and conspiracy. The remaining counts of the complaint are now moot.

Appellees filed a motion for summary judgment on grounds that the contract as executed included the addendum and the parol evidence rule prohibited the introduction of evidence of enactment of the resolution or any evidence clarifying its meaning and limitation on the effect of the addendum to appellant's rights under the contract. Appellant's counter motion for summary judgment based on the ground that the addendum was a nullity, or would be valid only if it

were reformed so as not to violate the resolution, was denied, and appellees' motion for summary judgment was granted.

In its judgment the trial court found as fact that appellant was the recipient of the 1982-83 Yearly Contract, including the addendum allowing the Commission to rebid projects on an individual basis which exceeded a cost of $50,000; that appellant received proper notice of the addendum and acknowledged that he (John D. Stephens) read and understood it when he executed the Yearly Contract; and that appellant had the right to accept or walk away from the contract at any time but was bound by the contract as executed, as an experienced businessman who had contracted with counties and municipalities since 1968. The trial court concluded as a matter of law that the Yearly Contract, including the addendum, was approved by the Board of Commissioners and constituted a legally binding and enforceable contract since the minutes of the June 15, 1982 meeting "reflect" that Chairman Ashworth "asked that [the addendum] be added to the contract documents and that it was added . . ."; that the contract was awarded to appellant as low bidder at the June 22 meeting; that the minutes of that meeting did "provide some evidence" as contended by appellant that the addendum "was not to go into effect until [appellant] had received work in the amount of its bid"; but that because appellant had executed the Yearly Contract including the addendum, even though he had the right to accept or walk away from it at any time, and proceeded to perform under the contract, both appellant and appellees were legally bound thereunder. The court noted "in passing that the Motion of Commissioner Buice made at the Commission meeting of June 22, 1982, [was] not a part of the Annual Contract as it [did] not comply with the 'written and entered' mandate of OCGA § 36-10-1." The trial court further found that even assuming the Yearly Contract did not reflect the true agreement of the parties with respect to the addendum, the Commission ratified the contract and specifically the addendum by its action in February of 1983 of advertising for bids on the five projects; that the requirements for the equitable remedy of reformation had not been met and no showing of fraud so as to justify reformation had been made; that by virtue of its silence appellant was "estopped from asserting that [appellees] had no authority to enter into the contract or to introduce parol evidence to support such an assertion," and that allowing parol evidence would violate public policy and "the public's right to rely on the validity of contracts entered into by its governing authority."

In regard to the Highway 29 project, the court found that the letter from W. T. Bush, the general manager of the county water system, authorizing appellant to perform certain work thereon "was an unauthorized attempt to assume authority belonging properly to the county governing authority"; that even assuming these actions were

within his apparent authority, Bush's action was not ratified by the Commission and was immediately repudiated upon learning of it; and that there was no showing that appellant acted to his detriment in reliance thereon. Having found that the contract was legally binding and enforceable, the court concluded that appellant's claims for conspiracy and tortious interference with contract relations against Ashworth had no merit, as "one cannot be held liable for doing that which he had a right to do," that Ashworth did not act without the scope of his authority or in a wilful or malicious manner and thus could not be liable in either his official or individual capacity; and that the appellees did not act in bad faith or in a stubbornly litigious manner by acting under the contract. Appeal is taken from this judgment and order dismissing the complaint in its entirety.

1. "Summary judgment may be granted only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law, OCGA § 9-11-56 (c) . . . In deciding a motion for summary judgment, the evidence is construed most favorably to the party opposing the motion, who is to be given the benefit of all reasonable doubts and all reasonable inferences. [Cit.]" Blount v. Seckinger Realty Co., 167 Ga. App. 778, 779 (307 SE2d 683) (1983). " 'The cardinal rule in the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is an issue of fact. (Cit.) The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact and if the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. (Cits.)' Jonesboro Tool &c. Corp. v. Ga. Power Co., 158 Ga. App. 755, 758 (282 SE2d 211) (1981)." Key Professional Systems v. Citicorp Ind. Credit, 170 Ga. App. 94 (316 SE2d 495) (1984).

Since a number of the court's factual findings in the instant case are contradicted by the evidence, we can only conclude that the proper burden of proof was not considered or that it was applied incorrectly. The controlling finding of fact made by the trial court was that at the June 15 meeting the Commission approved the addendum allowing projects over a cost of $50,000 to be re-bid. The minutes which the court quoted in reaching this conclusion state merely that Chairman Ashworth read the addendum and that it was added to the Yearly Contract; there is no report of a motion being made and seconded or of a vote being taken. Moreover, the depositions of two commissioners admit that no favorable action was taken in regard to the addendum.

Further, as noted by the trial court, the minutes of the June 22 meeting did "provide some evidence" that the addendum was not to

go into effect until appellant had received work in the total amount of its bid. In this instance the minutes clearly show that the motion was made, seconded and unanimously passed, and there was also deposition testimony that it was intended to bar application of the addendum until appellant had received the specified amount of work. The fact that the appellant executed a contract purporting to contain the addendum has no more bearing on a determination as to whether the addendum was validly approved on June 15 than does the fact that the Commission advertised for bids in February of 1983 offer any proof of the meaning of the resolution adopted on June 22. The question presented by the Commission action in February of 1983 is not whether the addendum was "ratified," but whether the June 22 resolution awarding the Yearly Contract and modifying the terms of the addendum could be rescinded or nullified. If the addendum was void ab initio, it could not be ratified; if the resolution was valid, it could not be rescinded or repealed by the action taken in February. Both of these actions raise genuine issues of material fact and the trial court clearly failed to place the burden of proof upon appellees or to construe the evidence in favor of appellant when it granted summary judgment to appellees.

2. The trial court likewise erred in finding that appellant was estopped by virtue of its silence from introducing parol evidence that appellees "had no authority to enter into the contract." The appellant never contended that the Commission had no authority to enter into the contract, only that the addendum was not a valid provision of it. "Parol evidence shall be admissible to show that a writing either was originally void or subsequently became so." OCGA § 24-6-8. "While parol evidence is generally inadmissible to vary or contradict the terms of a written instrument, there is a wide difference between a plea which seeks by parol to vary the terms of a written contract and a plea which affirms in effect that the contract in question never in fact had any legal existence. In the one case the existence of a contract is admitted; in the other the assertion that one of the elements indispensably necessary to the creation of a contract was absent amounts to a denial that the contract in question was ever legally in existence or effective." *Strickland v. Farmers Supply Co.*, 14 Ga. App. 661 (3) (82 SE 161) (1914). Accord *C & S Nat. Bank v. Williams*, 147 Ga. App. 205 (4) (249 SE2d 289) (1978); *Baitcher v. Louis R. Clerico Assoc.*, 132 Ga. App. 219 (2) (207 SE2d 698) (1974).

The issue raised by appellant's suit is whether the addendum under which the bids were re-let was void because it was never legally approved by the Commission and was contrary to the resolution adopted on June 22 awarding the contract to appellant and modifying the addendum. The legislation creating the Gwinnett County Commission and governing its authority provides: "No official action shall

be taken except upon the affirmative vote of at least three members of the commission." Ga. L. 1968, pp. 2003, 2008, § 13. Section 15 of the act vests the Commission with the exclusive jurisdiction and power to authorize contracts, and further provides: "The policies, rules and regulations so adopted by the commission shall be carried out, executed and enforced by the chairman as chief executive officer of the county and the commission shall exercise only those administrative powers which are necessarily and properly incident to its function as a policy-making or rule-making body or which are necessary to compel enforcement of its adopted resolutions. Any action taken by said chairman which is in conflict with such adopted resolutions and which deals with matters exclusively reserved to the jurisdiction of the commission shall be null and void and of no effect." Ga. L. 1968, pp. 2000, 2009. Even if all the essential elements of estoppel were present in this case (see *Bell v. Studdard*, 220 Ga. 756 (4a) (141 SE2d 536) (1965)), " '[n]ot even estoppel can legalize or vitalize that which the law declares unlawful and void.' *Flournoy v. Highlands Hotel Co.*, 170 Ga. 467, 471 (153 SE 26) [(1930)]." *Dobson v. Brown*, 225 Ga. 73, 76 (166 SE2d 22) (1969).

The trial court also erroneously misplaced its reliance on the case of *City of Smyrna v. Ruff*, 240 Ga. 250 (3) (240 SE2d 19) (1977), to support its conclusion that the introduction of parol evidence would violate "the public's right to rely on the validity of contracts entered into by its governing authority." That decision, in considering the assertion that the trial court erred in denying appellants the right to have witnesses testify at trial as to their reasons for refusing to rezone certain property, merely reiterated the "ancient rule . . . that official transactions should be proved by the records and that parol evidence is inadmissible." Id. at 254. This rule clearly has no application to invalid contracts or contractual provisions which are legal nullities. Furthermore, the June 22 resolution which appellant sought to have admitted was in fact a public record.

Nor does the "written and entered" mandate of OCGA § 36-10-1 bar proof that a government contract, or a portion thereof, is invalid. This statute is applicable only where there is a subsequent attempt to modify a valid provision of such a contract, whereas the issue here, as previously discussed, is what the true terms of the original written contract are, not whether those terms were or could be subsequently modified. See *Lester Witte & Co. v. Rabun County*, 245 Ga. 382 (1) (265 SE2d 4) (1980).

3. It also appears that the trial court failed to properly allocate the burden of proof and to construe the evidence in favor of appellant on appellee's motion for summary judgment when it held that the letter from W. T. Bush, the general manager of the county water system, which authorized appellant to perform certain work on the High-

way 29 project was "an unauthorized attempt to assume authority properly belonging to the county governing authority." Bush testified that Ashworth had authorized appellant to perform this work in a telephone conversation, and pursuant to their conversation Bush sent appellant a letter on February 4, 1983 which stated: "This letter is your official authority to perform all water facilities relocation work required by the widening of Highway 29 . . . under the terms and conditions of your Annual Contract with the Gwinnett County Water System dated 8/2/82." Three days later Bush sent appellant a letter countermanding the previous letter and directing it "to refrain from performing any work at this time." While appellees contend that Bush acted on his own initiative and without any authority in sending the first letter to appellant, this evidence was more than ample to present a question for resolution by a jury.

4. In ruling on appellant's cause of action against Ashworth for tortious interference with contract relations, including the conspiracy count included therein, the trial court held that Ashworth could not be liable in either his official or individual capacity "for doing what he had a right to do." Although this axiom is undoubtedly true " 'where the alleged interference is caused by the exercise of an absolute right . . . ,' " *J. C. Penney Co. v. David & Davis*, 158 Ga. App. 169, 171 (279 SE2d 461) (1981); *West Va. Glass &c. Co. v. Grice & Walshe*, 170 Ga. App. 556 (2) (317 SE2d 592) (1984), if the addendum was void ab initio, any action taken by Ashworth which was in conflict with the June 22 resolution adopted by the Commission was not an exercise of an absolute right, but was also a nullity under the local act governing the Board of Commissioners. Ga. L. 1968, pp. 2003, 2009, § 15, supra.

"It is the general rule that public officers, when acting in good faith and within the scope of their duty, are not liable to private action. This immunity is not extended to them when they do things not authorized by law, or act in a wanton or *malicious* way and with *intent to injure the property of another*. In the latter case, they are responsible for a violation of their duty. [Cit.]" *Vickers v. Motte*, 109 Ga. App. 615, 617 (137 SE2d 77) (1964). Accord *Nelson v. Spalding County*, 249 Ga. 334 (2) (290 SE2d 915) (1982); *DeKalb County v. Townsend Assoc.*, 243 Ga. 80 (5) (252 SE2d 498) (1979). While the trial court correctly stated that Ashworth could not be individually liable for a county contract which he executed as a public official (OCGA § 10-6-88), appellant did not sue on the contract, but in tort for intentional interference with the contract. Without recounting in great detail the evidence produced by appellant in support of its allegations of tortious interference and conspiracy, they included but were not limited to various derogatory statements made by Ashworth about appellant, improper calculation of the re-let bids to make them

appear lower than the cost would have been under the Yearly Contract, advertising of the bids and influencing certain commissioners to award the projects to other bidders, and Ashworth's personal solicitation of bids in order to deprive appellant of the project.

" ' "To show conspiracy . . . it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or writing they formulated their unlawful objects. It is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design," . . . [Cit.]' [Cits.]" *Sachdeva v. Smith*, 167 Ga. App. 80 (306 SE2d 19) (1983). " 'Conspiracy may be shown by acts and conduct as well as by direct proof or express agreement. It may be shown by circumstantial evidence. *It may be established by inference, as a deduction from conduct which discloses a common design.*' [Cit.] When a conspiracy is alleged, even in criminal cases, the defendant-conspirator cannot remove the question of conspiracy from the jury simply by swearing that he did not conspire." *Hodges v. Youmans*, 129 Ga. App. 481, 483 (200 SE2d 157) (1973). See also *Hodges v. Youmans*, 122 Ga. App. 487 (177 SE2d 577) (1970). The evidence in the instant suit is sufficient to avoid summary judgment on appellant's tort action for interference with its contract rights and also to avoid summary judgment on the question of the existence of a conspiracy.

5. Since the trial court granted summary judgment to appellees in regard to the award of attorney fees requested by appellant based upon its finding that the addendum was a legally binding and enforceable provision of the Yearly Contract, and in view of the evidence of bad faith on the part of Ashworth, it follows that this question was likewise improperly resolved without submission to a jury. See *Jackson v. Brinegar, Inc.*, 165 Ga. App. 432 (2) (301 SE2d 493) (1983).

6. We disagree with appellant's conclusion that it is entitled to partial summary judgment against appellee county as to liability on Count I of the complaint, for we are convinced that there are sufficient issues of fact as to what the terms of the contract were intended to be by the parties to make this properly a question to be resolved by a jury.

*Judgment affirmed in part; reversed in part. Banke, C. J., and McMurray, P. J., concur. Benham, J., disqualified.*

DECIDED JUNE 28, 1985 —
REHEARING DENIED JULY 10, 1985 —

*Robert H. Hishon, M. Jerome Elmore*, for appellant.
*Alan F. Herman, G. Gibson Dean, Julia Bennett Jagger*, for appellees.