W. H. *Gurr*, for plaintiff.   R. R. *Jones*, for defendant.

## 19878.   HAMLIN *v.* JOHNS.

JENKINS, P. J.   1. Under the doctrine of res judicata, whenever there has been a judgment by a court of competent jurisdiction in a former litigation between the same parties, based upon the same cause of action as the pending litigation, the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation.  *Farmer* v. *Baird,* 35 *Ga. App.* 208 (132 S. E. 260), and authorities cited.

2. So long as a party pleads but one wrong in respect to the same transaction, the cause of action is the same (*City of Columbus* v. *Anglin,* 120 *Ga.* 785 (5), 791, 48 S. E. 318), and it makes no difference that the remedy sought to be applied under different procedures growing out of the same wrong may be different. A cause of action merely gives rise to the remedy, and the terms are not synonymous. The term "remedy," when properly used, signifies and is limited to the judicial means or method whereby a cause of action may be enforced, including also the application of the measure of damages appropriate to the relief sought. The cause of action upon which the previous proceeding to rescind the contract and sale was based consisted of the alleged wrong whereby the seller of the property, through her agent, misrepresented the identity of a portion of the property sold. The cause of action upon which the present claim for damages, set up by the defendant in a suit on the purchase-money notes, is based consists of identically the same wrong with respect to the same transaction. Accordingly, the doctrine of res judicata must be given effect; and since it appears that the pleadings in the previous litigation not only "might have put in issue" the question as to the alleged misrepresentation, but that under the evidence submitted in the previous proceeding that question was actually litigated, that issue must be taken as having been settled so as to conclude the losing party.  See *McDonald Mortgage & Realty Co.* v. *Feingold,* 168 *Ga.* 763 (149 S. E. 132).  Were the causes of action whereby the plaintiff in the first case sought to rescind the contract and cancel the notes, and whereby the same party as defendant in the suit on the notes sought affirmative relief by way of damages, not the same, a somewhat different question would be presented, since the rule under the doctrine of res judicata and the rule of estoppel by judgment are not the same.  In the latter case there is an estoppel by judgment only as to such matters as were necessarily or actually adjudicated in the former litigation.  That is to say, there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as

92

necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters, within the scope of those pleadings, as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. *Farmer* v. *Baird*, supra. See, in this connection, *Draper* v. *Medlock*, 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650).

3. The pendency of a prior action for the same cause and between the same parties is good ground for a plea in abatement; but, while it has been held above that the offensive action taken by the plaintiff in the former proceeding is grounded upon the same cause of action as the defensive action setting up damages in diminution of the recovery in the instant suit on the purchase-money notes, which would ordinarily be permissible (*Walters* v. *Eaves*, 105 *Ga.* 584, 32 S. E. 609; *Penn Mutual Life Ins. Co.* v. *Taggart*, 38 *Ga. App.* 509, 512, 144 S. E. 400), this does not mean that the plaintiff's action in the instant suit to recover on the purchase-money notes is the same cause as that previously pleaded and now pleaded by the defendant in the instant case. Accordingly, in the absence of any order of the court to the contrary, and the plaintiff here not having sought, in the former proceeding, to recover on the notes, the plaintiff in the instant suit would not be deprived of his right to maintain his action on the purchase-money notes pending the final determination of the defendant's suit, previously brought, to cancel the same. See *Brooke* v. *Lowry National Bank*, 141 *Ga.* 493 (3), 495 (81 S. E. 223). Accordingly, the court did not err in directing a verdict against the plea in abatement.

4. Under the foregoing rulings, the court properly directed a verdict for the plaintiff for the amount due on the notes sued on.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 12, 1930.

*Robert G. Plunkett, Ryals, Anderson & Anderson,* for plaintiff in error.

*Jones, Jones, Johnston & Russell,* contra.