35976. JENKINS *v.* BRIDGES.

DECIDED JANUARY 25, 1956.

242

*W. W. McKinnon*, for plaintiff in error.

*Fort & Fort*, contra.

QUILLIAN, J. 1. The petition as originally drawn undertook to assert a cause of action against the defendant, Mrs. Curtis Jenkins, Sr., for damage proximately caused the plaintiff by the negligent conduct of Curtis Jenkins, Jr., the defendant's minor son.

There is no contention that the petition without aid of amendment sufficiently alleged negligence on the part of the defendant's son resulting in damage to the plaintiff.

The petition was defective in that it failed to set forth facts showing that the defendant was responsible for the negligent conduct of her son. The petition simply set forth that she assisted him in purchasing an automobile to be used in business and for his pleasure by signing notes given for its purchase price.

The defendant renewed her general demurrer to the petition as amended and insisted that in its final form the petition set forth a new cause of action. What the plaintiff was attempting to allege in the petition was that the defendant furnished her son an automobile to be used by him for his convenience and pleasure; that under the family car doctrine he became her agent to operate the automobile for her benefit and, by reason of these facts, she became liable to respond in damages for his negligent conduct. The fact that he was himself the son of the defendant for whose benefit the car was furnished did not affect the application of the doctrine. But before amendment the petition failed to show that the defendant was under the doctrine mentioned legally responsible for the negligence of her son in driving the automobile, for the reason that the petition alleged that the automobile was owned by the son, though purchased on credit of the mother, and in that state of the pleading it was not shown that she was bound to answer for damages caused by his negligent operation of the automobile. But the amendment so changed and varied the facts relating to the purchase of the automobile and its ownership as to show that it was in fact the property of the mother, simply furnished by her to the son to be used for his pleasure and convenience, so that his negligence in operating it was imputable to the defendant.

The rule is well stated in *Community Gas Co.* v. *Williams*, 87 *Ga. App.* 68, 74 (73 S. E. 2d 119) where it is said: "The tests frequently applied to amendments are that the amendment may contain additional matter descriptive of the same wrong pleaded in the original petition, but must not plead any other or different wrong; it must, in connection with the petition, set forth a group of facts the result of which is to conclusively evince the existence of a legal wrong; it must be germane to the petition in that it further elucidates the legal wrong intended to be declared upon, and it must not plead any other or different wrong than that originally set forth."

If allegations material to the cause pleaded could not be stricken and contradictory averments substituted in their stead every case mispleaded by reason of inadvertence or lack of information on the part of the pleader concerning the subject matter of the suit, would have to be dismissed and recast in an entirely new petition.

The amendment did not set forth a new cause of action, but conformed to the original design and pattern of the pleader.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*