39903, 39904. ELLIS v. KITE (two cases).

FELTON, Chief Judge. 1. "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times." *Code* § 3-601.

2. ". . . [F]rom a single wrong but one cause of action can arise. So long as a plaintiff pleads but one wrong, he does not set up more than one cause of action." *City of Columbus v. Anglin,* 120 Ga. 785, 791 (48 SE 318); *Hamlin v. Johns,* 41 Ga. App. 91 (2) (151 SE 815). "A single wrong will not

be made plural by alleging that it is made up of a number of constituent parts." *Anglin* case, supra, p. 792. "If there is substantial identity of wrong (which necessarily includes identity of the right violated), there is substantial identity of cause of action." *Anglin* case supra, p. 793; *Milton v. Milton*, 195 Ga. 130, 133 (23 SE2d 411); *Cheatham v. Palmer*, 191 Ga. 617 (13 SE2d 674); *Jenkins v. Bridges*, 93 Ga. App. 241 (91 SE2d 317).

3. "Amendments are allowed to cure defects. . . So long as the facts added by the amendment, however different they may be from those alleged in the original petition, show substantially the same wrong in respect to the same transaction, the amendment is not objectionable as adding a new and distinct cause of action." *City of Columbus v. Anglin*, 120 Ga. 785, 793, supra; *Spielberg v. McEntire*, 105 Ga. App. 545, 547 (4) (125 SE2d 134).

4. In the instant case, the petitions alleging negligence of the defendant in leaving gauze within an incision of one of the plaintiffs following an operation and failing to locate and remove same in a later exploratory operation set up no cause of action different from pending actions in which it was alleged that the gauze was left in the incision following the second, rather than the first, operation. Under the rules of amendment, the plaintiffs could have amended their petitions by setting forth their causes of action in one or more counts.

The court did not err in sustaining the pleas in abatement and dismissing the actions.

*Judgments affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED JANUARY 21, 1963.

*O'Kelley & Hopkins, William C. O'Kelley,* for plaintiff's in error.
*Troutman, Sams, Schroder & Lockerman, William H. Schroder, T. M. Smith, Jr., Robert L. Pennington,* contra.