### 71413. GARRETT v. TRANSUS, INC.
(341 SE2d 494)

CARLEY, Judge.

Appellant suffered injuries while helping an employee of appellee unload a large drum of chemical fluid from appellee's delivery truck. Appellant initially filed suit to recover no-fault benefits from appellee in its capacity as a self-insurer. See OCGA § 33-34-2 (12). In that case, the trial court denied appellee's motion for summary judgment

and, on appeal, this court reversed, finding that appellant did not have sufficient connection with the truck so as to entitle him to a recovery of no-fault benefits. *Transus, Inc. v. Garrett*, 173 Ga. App. 498 (326 SE2d 852) (1985). Thereafter, appellant brought the instant tort action against appellee, alleging facts identical to those which had formed the basis of his original claim for no-fault benefits. Appellee answered and raised among its defenses, res judicata. Appellant appeals from the trial court's grant of summary judgment in favor of appellee based upon the res judicata defense.

1. OCGA § 9-12-40 provides that a judgment "shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered. . . ." The case at bar arose out of exactly the same factual situation as did appellant's previous action for no-fault benefits. The parties are identical. The only apparent distinction is that the instant suit sounds in tort, whereas the previous litigation between the parties was in contract. Appellee's contention is that appellant might have brought any negligence claim against it in conjunction with his former no-fault action, and that the failure to do so forecloses appellant's instant suit in tort. Appellant seeks to avoid the bar of res judicata by contending that his former claim for no-fault benefits and his instant claim for tort damages represent separate causes of action which he may bring against appellee independently.

Appellant complains of only one wrong, that being the fact that he suffered an injury to his hand. "[F]rom a single wrong but one cause of action can arise. So long as a plaintiff pleads but one wrong, he does not set up more than one cause of action." *City of Columbus v. Anglin*, 120 Ga. 785, 791 (48 SE 318) (1904). See also *Ellis v. Kite*, 107 Ga. App. 237 (2) (129 SE2d 547) (1963); *Munford, Inc. v. Anglin*, 174 Ga. App. 290 (329 SE2d 526) (1985). There being but one wrong suffered by appellant, as to that wrong, the law of contract and of tort merely represent two different "remedies" or legal theories by which he might be afforded a recovery therefor. "So long as a party pleads but one wrong in respect to the same transaction, the cause of action is the same ([cit.]), and it makes no difference that the remedy sought to be applied under different procedures growing out of the same wrong may be different. A cause of action merely gives rise to the remedy, and the terms are not synonymous. The term 'remedy,' when properly used, signifies and is limited to the judicial means or method whereby a cause of action may be enforced, including also the application of the measure of damages appropriate to the relief sought." *Hamlin v. Johns*, 41 Ga. App. 91 (2) (151 SE 815) (1929).

Thus, appellant has but one cause of action against appellee for the injury to his hand. He first sought, unsuccessfully, to recover for

that wrong under a contractual theory. He now seeks to employ another theory to recover for that same wrong. The doctrine of res judicata will not permit appellant to do this. See *Madison, Ltd. v. Price,* 146 Ga. App. 837 (247 SE2d 523) (1978). Therefore, there was no error in the trial court's grant of summary judgment based upon the bar of res judicata. *Hamlin v. Johns,* supra; *Madison, Ltd. v. Price,* supra.

2. It having been determined that the doctrine of res judicata was properly applied in this case, it is unnecessary to consider other issues.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 17, 1986 —

*D. Duston Tapley, Jr.,* for appellant.
*Charles E. Walker,* for appellee.