Stanton WIMBERLY, Plaintiff,

v.

**FORT WAYNE BUSINESS PRODUCTS, Defendant.**

Civ. No. F 88–89.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 20, 1989.

Stanton Wimberly, Fort Wayne, Ind., pro se.

Stanley L. Campbell, Swanson & Campbell, Fort Wayne, Ind., for defendant.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on several pending motions including defendant Fort Wayne Business Products' September 21, 1988 motion for summary judgment. Plaintiff responded to that motion on September 26, 1988. On September 13, 1988, plaintiff filed a motion to reconsider this court's August 22, 1988 order which granted defendant Southern Copy Machines' June 22, 1988 motion for summary judgment. That defendant responded to defendant's motion to reconsider on September 26, 1988. On that same date defendant Southern Copy Machines filed a motion for entry of final judgment. Most recently, on January 9, 1989, plaintiff filed a document entitled "Additional Evidence."

For the reasons set forth below, defendant Fort Wayne Business Products' motion for summary judgment will be denied as will plaintiff's motion to reconsider. Defendant Southern Copy Machines' motion for entry of final judgment will also be denied.

### I. Factual Background

On March 29, 1988, plaintiff filed suit in this court against two defendants, Fort Wayne Business Products and Southern Copy Machines, Inc. Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331 as well as diversity jurisdiction with respect to defendant Southern Copy Machines under 28 U.S.C. § 1332.

According to the complaint, plaintiff was employed by defendant Fort Wayne Business Products beginning in June, 1985 as a service technician and at that time was allegedly the only black service technician employed by that defendant. Plaintiff contends that during all relevant periods his job performance was satisfactory. Prior to his employment with Fort Wayne Business Products, plaintiff had been employed by defendant Southern Copy Machines in Fulton County, Georgia. Plaintiff allegedly left his employment involuntarily as a result of an altercation with a customer. After the termination of employment with defendant Southern Copy Machines, plaintiff filed a lawsuit against that defendant in the Superior Court of Fulton County, Georgia. Plaintiff further alleges in his complaint that after becoming employed in Fort Wayne, the president of defendant Southern Copy Machines spoke by telephone with the president of defendant Fort Wayne Business Products and during the course of that conversation arranged to have plaintiff terminated from his employment at Fort Wayne Business Products. Plaintiff further alleges that shortly after that conversation he was in fact terminated and was replaced by a white male with much less experience.

Plaintiff contends that the foregoing conduct by the defendants discriminated against him on the basis of his race and as a result of said acts, plaintiff has lost wages, suffered injury and has been otherwise damaged. Plaintiff further contends that the defendants conspired together to deprive him of his rights secured under 42 U.S.C. § 1981 and that defendant Southern Copy Machines willfully and wantonly interfered with and denied plaintiff his gainful and advantageous business relationship with defendant Fort Wayne Business Products.

As indicated, this is not the first time plaintiff has sued defendant Southern Copy Machines. On May 7, 1986, plaintiff, by

counsel, filed a civil action in the Superior Court of Fulton County, Georgia against defendant Southern Copy Machines and Arthur S. Karp and William V. Curran.

In the Fulton County lawsuit, plaintiff alleged that on or about June 21, 1984, while employed by defendant Southern Copy Machines, of which defendant William Curran was president, he was sent to service copying machines at the Great American Chocolate Chip Cookie Company located in Atlanta, Georgia. Defendant Arthur S. Karp was the president of that company. After plaintiff finished servicing a machine at the cookie company, defendant Karp spoke to plaintiff in an abusive, loud and boisterous manner because plaintiff had parked in Mr. Karp's reserved parking space. According to plaintiff, defendant Karp's abuse was not only verbal. Karp allegedly grabbed and twisted plaintiff's right arm and struck plaintiff in the chest. Mr. Karp then, so the story goes, refused to allow plaintiff to leave until he answered certain questions including who employed plaintiff. After being informed that the employer was Southern Copy Machines, defendant Karp allegedly made the statement that he would see to it that plaintiff never worked on his copy machine or any other copy machine ever again. Prior to leaving the premises, Mr. Karp allegedly cursed and abused plaintiff some more and then threatened to kill him if he ever returned.

The allegations do not stop here. According to plaintiff, Mr. Karp had one of his employees telephone plaintiff's employer in order to keep his promise that plaintiff would never work on another copy machine. Plaintiff was then allegedly fired the next day by defendant Curran from his job at Southern Copy Machines. Said termination was due to the scheme, plot and device of Karp, Curran and Southern Copy Machines. Because plaintiff found it impossible to work as a field technical engineer in Georgia due to the defendants' continual efforts to prevent him from being gainfully employed in this field of endeavor, plaintiff believed that they gave false and malicious reports to prospective employers both within and outside of Georgia.

In that Fulton County lawsuit, plaintiff went on to assert that because of the egregious conduct of the defendants, he was forced to move to Indiana and went to work for Fort Wayne Business Products for approximately 10 months until he was terminated. In rhetorical paragraph 18 of the Fulton County lawsuit, plaintiff alleged that his "termination in Indiana and Georgia was due solely to the acts individually and jointly of defendants to get him fired and see to it he never worked in his field again." Plaintiff sought a combined total of $1 million in actual and punitive damages together with attorney's fees in the amount of $5,000.

As here, defendant Southern Copy Machines filed a motion for summary judgment in the Fulton County lawsuit with respect to all claims alleged by plaintiff in his complaint in that court. The Superior Court of Fulton County, Georgia granted summary judgment in favor of defendant Southern Copy Machines in an order dated March 6, 1987, under Civil Action File No. D-29929. That order granting summary judgment was appealed by plaintiff's counsel to the Georgia Court of Appeals. In a published decision dated January 5, 1988, the Georgia Court of Appeals affirmed the trial court's order. *Wimberly v. Karp*, 185 Ga.App. 571, 365 S.E.2d 131 (1988). An application for a writ of certiorari to the Georgia Supreme Court was then filed by plaintiff's attorney. The Georgia Supreme Court denied this application on February 18, 1988.

Based on the foregoing events, defendant Southern Copy Machines moved for summary judgment asserting the plaintiff's present claims were barred by the doctrine of *res judicata* because of the litigation which had been concluded in the state court of Georgia. Since it was clear that defendant's position was well taken, this court entered summary judgment on its behalf on August 22, 1988.

## II. Motion for Summary Judgment by Fort Wayne Business Products

Summary judgment is proper "if the pleadings, depositions, answers to interrog-

atories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* 106 S.Ct. at 2512; *Valentine v. Joliet Tp. High School Dist. No. 204*, 802 F.2d 981, 986 (7th Cir.1986).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact." *Celotex*, 106 S.Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson*, 106 S.Ct. at 2511.

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Id.* at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed.R.Civ.P. 56(c), (e). To establish a genuine issue of fact the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S.Ct. at 2512.

Defendant Fort Wayne Business Products has filed a motion for summary judgment arguing that plaintiff's present action is barred against it on the grounds of *res judicata* and/or collateral estoppel because of the previous judgment in the Georgia state court in favor of defendant Southern Copy Machines. With that argument this court does not agree.

"Res judicata is a doctrine of repose." *Alexander v. Chicago Park District*, 773 F.2d 850, 853 (7th Cir.1985). "Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of persons and property, if ... conclusiveness did not attend the judgment of such tribunals." *Nevada v. United States*, 463 U.S. 110, 129, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983), *quoting Southern Pacific Railroad v. United States*, 168 U.S. 1, 49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1987). Similarly, "collateral estoppel is a 'judicially developed doctrine,' *United States v. Mendoza*, 464 U.S. 154, 158 [104 S.Ct. 568, 571, 78 L.Ed.2d 379] (1984), which, when properly applied can 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication.'

*Allen v. McCurry*, 449 U.S. 90, 94 [101 S.Ct. 411, 415, 66 L.Ed.2d 308] (1980)." *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 355 (7th Cir.1987). Thus, "[c]ollateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979).

Although both *res judicata* and collateral estoppel serve the salutary purpose of avoiding repetitive litigation, the doctrines are distinguishable. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery*, 439 U.S. at 326 n. 5, 99 S.Ct. at 649 n. 5. "Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment of the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Id.* The distinction is that between issue preclusion and claim preclusion. In *Alexander, supra*, the United States Court of Appeals for the Seventh Circuit described the difference as follows:

> Preclusion occurs under two theories: issue preclusion and claim preclusion. Claim preclusion bars relitigation of claims or issues which were or could have been raised in a prior suit on the merits between the same parties or their privies. Plaintiffs' claims are merged in the judgment for plaintiff while judgment for defendant acts to bar any further claims by plaintiff against that defendant. It is usually referred to as res judicata, and that is how we use it. *See Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75 [77], 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984).

> Issue preclusion prevents relitigation of a matter of fact or law that was previously litigated and decided. *See Jones v. City of Alton*, 757 F.2d 878, 879

n. 1 (7th Cir.1985). It is usually referred to as collateral estoppel.

773 F.2d at 853 n. 1.

Section 1738 of Title 28 provides that a federal court must give the judgments of state courts "the same full faith and credit ... as they have by law or wage in the courts of such states...." *See Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). With respect to the preclusive effect to be given decisions from state courts, the United States Supreme Court in *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), wrote that 28 U.S.C. § 1738 "[r]equires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." 456 U.S. at 466, 102 S.Ct. at 1889 (footnote omitted). Provided that the state court's decision would be accorded preclusive effect in the state's own courts and provided that the procedures followed at the state level comport with the requirements of due process, relitigation of the same claim on the federal level is barred by the doctrine of *res judicata*. *Kremer*, 456 U.S. at 481, 102 S.Ct. at 1897; *accord Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1241 (7th Cir. 1983); *Unger v. Consolidated Foods Corp.*, 693 F.2d 703 (7th Cir.1982), *cert. denied*, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366 (1983). "The doctrine applies in civil rights suits as well." *Alexander, supra*, at 853; *see also Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 104 S.Ct. 892, 899, 79 L.Ed.2d 56 (1984) (state preclusion of law applies in § 1983 suit brought subsequent to state suit); *Torres v. Rebarchak*, 814 F.2d 1219, 1229 (7th Cir.1987). Thus, it is to Georgia law which this court now turns.

By Georgia statute, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been an issue in the cause when the judgment was rendered until the judgment is reversed or set aside." O.C.G.A. 9–12–40.

Thus, "from a single wrong but one cause of action can arise." *City of Columbus v. Anglin*, 120 Ga. 785, 48 S.E. 318 (1904). "So long as a party pleads but one wrong in respect to the same transaction, the cause of action is the same ... and it makes no difference that the remedy sought to be applied under different procedures growing out the same wrong may be different." *Garrett v. Transus, Inc.*, 177 Ga.App. 844, 341 S.E.2d 494, 495 (1986), *citing Hamlin v. Johns*, 41 Ga.App. 91, 151 S.E. 815 (1930). "A plaintiff who has a cause of action is not permitted to split a single cause to seek in successive litigation, enforcement of first one remedy and then a second." *Winters v. Pund*, 179 Ga.App. 349, 346 S.E.2d 124, 127 (1986).

"For res judicata to act as a bar of a subsequent action, the original and subsequent action must bear certain identical characteristics." *Norris v. Atlanta & West Point Railroad Co.*, 254 Ga. 684, 333 S.E.2d 835, 837 (1985). "The two actions must be between identical parties or their privies, and the cause of action in each suit must be identical." *Id.* "Collateral estoppel, like res judicata, requires identity of parties or privity. However, unlike res judicata, collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action." *Id., citing Sumner v. Sumner*, 186 Ga. 390, 197 S.E. 833 (1938). "Hence, [the court] must determine if the same cause of action is involved in the first and second actions, whether the same parties or their privies were involved and the issues settled in the first action." *Winters, supra*, 346 S.E.2d at 126.

■ In the present matter, it appears that under Georgia law defendant Fort Wayne Business Products is not entitled to assert the Georgia judgment as a bar to plaintiff's present claim. Both *res judicata* and collateral estoppel under Georgia law require privity among the parties and that privity is lacking between Fort Wayne Business Products and Southern Copy Machines, the defendant in the Georgia action. That Georgia appears to follow the tradi-

tional rule of privity in preclusion cases can be seen in the decision of the Georgia Supreme Court in *Norris, supra*. There, the supreme court reversed the Georgia Court of Appeals' adoption of "the doctrine of binding precedent" which "is a species of collateral estoppel in which no privity is required." *Norris, supra*, 333 S.E.2d at 837. Thus, it would appear that the privity which is required under Georgia law is lacking in this case as between Fort Wayne Business Products and Southern Copy Machines.

Arguably, as noted by the Georgia Court of Appeals in *Watts v. Lippitt*, 171 Ga. App. 578, 320 S.E.2d 581 (1984), "[t]he modern trend in applying the doctrines of res judicata and collateral estoppel is to confine the privity requirement to the party against whom the plea is asserted, so as to permit one who is not a party to the judgment to assert the judgment against a party who is bound by it, and thus to preclude relitigation by the party of issues which have been determined adversely to him in the prior action...." *Id.*, at 582. "If a defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel." *Caswell v. Caswell*, 162 Ga.App. 72, 290 S.E.2d 171, 172 (1982). Yet even under this modern and arguably relaxed rule of privity, it is clear that defendant Fort Wayne Business Products cannot claim the benefit of the Georgia judgment in favor of Southern Copy Machines since its responsibility can in no way be said to be dependent upon Southern Copy Machines' alleged culpability. The judgment in favor of Southern Copy Machines was based upon its alleged culpability in firing plaintiff from its employ. The judgment did not address the alleged culpability of Fort Wayne Business Products.

The issue of respective culpability between Fort Wayne Business Products and Southern Copy Machines leads directly to another reason why Fort Wayne Business Products cannot use the Georgia judgment

to preclude plaintiff's present claim against it. The cause of action underlying that lawsuit and this lawsuit are sufficiently dissimilar such that plaintiff did not have a full opportunity to litigate the alleged culpability of Fort Wayne Business Products.

Under Georgia law,

A "cause of action" is generally referred to as the right to sue for a thing done or omitted to be done which causes a grievance for which the law gives a remedy. Davis & Shulman, *Prac. & Proc. 1,* § 1–2. The "cause" is the right of the party to bring the suit, and the "action" is the means of enforcing the right. *Id.* In Georgia, "cause of action" has been defined as *"all the facts* which together constitute the plaintiff's right to maintain the action." (Emphasis supplied.) *Parris v. Atlanta K & N R. Co.,* 128 Ga. 434, 437, 57 S.E. 692; accord *Cooper v. Public Fin. Corp.,* 146 Ga. App. 250, 252, 246 S.E.2d 684.

*Winters, supra,* 346 S.E.2d at 126–127. "[T]he central issue in determining whether the doctrines of res judicata and collateral estoppel apply is whether the party against whom the plea is raised has had full opportunity to litigate the issues." *Id.*

In the present matter it can hardly be said that plaintiff had a full opportunity to litigate the issue of the reason for his discharge from defendant Fort Wayne Business Products. The Georgia litigation revolved around his termination from Southern Copy Machines and what that employer may or may not have said to prospective employers. That litigation in no way addressed (let alone fully and fairly litigated) the issues underlying plaintiff's termination from his employment at Fort Wayne Business Products. Thus defendant's motion for summary judgment must be denied.

### III. Plaintiff's Motion to Reconsider

■ On September 13, 1988, plaintiff filed a one page "Motion to Reconsider" this court's order which granted defendant Southern Copy Machines' motion for summary judgment. That defendant responded to the motion on September 26, 1988.

As indicated in the August 23, 1988 order, this court granted summary judgment in favor of Southern Copy Machines on the grounds that plaintiff's present claims were barred because they should have been aired in the Fulton County lawsuit. Plaintiff's motion to reconsider fails to set forth any grounds that would support a request for reconsideration. Plaintiff has already had a full and fair opportunity to litigate his claims against Southern Copy in the Georgia litigation and was represented throughout by an attorney. During the course of that lawsuit, plaintiff and his attorney took discovery and were afforded ample time within which to come forward with affidavits or deposition testimony or other evidence to support his claim. When he failed to present any such evidence, the trial court in Georgia granted summary judgment and that decision was affirmed on appeal, thus ending that litigation.

As this court observed in the August 23, 1988 order, the results of the Georgia lawsuit are binding and conclusive. The claims raised now with respect to Southern Copy Machines should have been raised then. The motion to reconsider is denied.

### IV. Southern Copy Machines' Motion for Entry of Final Judgment

■ Contemporaneously with its response to plaintiff's motion to reconsider, Southern Copy Machines, on September 26, 1988, filed a "Motion for Entry of Final Judgment." By way of that motion, that defendant asks this court to enter final judgment on its behalf in accordance with Rule 54(b) of the Federal Rules of Civil Procedure.

So far as relevant, Rule 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b). While the language of Rule 54(b) makes the entry of a final judgment in fewer than all claims or parties discretionary with the court, the United States Court of Appeals for the Seventh Circuit has adopted a test which impacts on this discretion. Trial judges "do not have carte blanche to certify partial dispositions for immediate appeal under 54(b)." *Jack Walters & Sons Corp. v. Morton Building, Inc.*, 737 F.2d 698, 701 (7th Cir.1984); *see also A/S Apothekernes Laboratorium v. I.M.C. Chemical Corp.*, 725 F.2d 1140 (7th Cir.1984).

In discussing the approach to be taken in cases such as this, the Seventh Circuit has observed:

> The recent decisions of this court have experimented with a practice approach based on what we conceive to be the most important purpose behind Rule 54(b)'s limitations—to spare the court of appeals from having to keep relearning the facts of a case on successive appeals. The approach is: if the facts underlying different claims are different, the claims are separate for Rule 54(b) purposes. For if there are different facts (and of course different issues) consideration of the appeals piecemeal rather than all at once will not involve a duplication in the efforts required of the judges to prepare for argument in, and to decide, each appeal. The gains from forcing the consolidation of appeals will therefore be small and will be outweighed by the benefits of an immediate appeal in resolving the parties' rights with respect to a part of the controversy between them. By the same token, if there is a great deal of factual overlap between the decided and the retained claims, they are not separate, and appeal must be deferred till the latter are resolved.

*Jack Walters, supra,* at 702. Where the same facts can be cast as giving rise to different claims, then the claims fall under the principle of "mere variations of legal theory", and therefore bar appeal under Rule 54(b). *A/S Apothekernes, supra,* at 1142–1143; *Local P–171, Amalgamated Meat Cutters v. Thompson Farms Co.*, 642 F.2d 1065, 1021 (7th Cir. (1981). This is an accurate description of plaintiff's claims in this case.

While plaintiff's claims as against the two defendants are technically distinct in a legal sense, it is clear that there is overlap in the facts underlying those claims. If this court were to direct entry of a final judgment and the case appealed, the Seventh Circuit would have to relearn the factual basis of plaintiff's claims should an appeal arise after his claims against Fort Wayne Business Products are resolved. This is just such a situation which the Seventh Circuit has sought to avoid under Rule 54(b). To direct entry of a final judgment at this juncture could only serve to foster piecemeal appeals. Thus, defendant's motion will be denied.

## V. Conclusion

On the basis of the foregoing, defendant Fort Wayne Business Products' motion for summary judgment is DENIED. Plaintiff's motion to reconsider this court's August 23, 1988 order is also DENIED. Likewise, defendant Southern Copy Machines' motion for entry of final judgment is DENIED.